Error.

---

## W. G. McDOWELL ET AL. v. W. T. JUSTICE.

(Filed 23 December, 1914.)

1. **Summons—Irregular Process—Appearance—Waiver.**

A summons is irregular when made returnable at a term of court less than ten days from its date of issue; but a defendant against whom a judgment has been obtained in the action cannot avail himself thereof when he has moved for a restraining order.

2. **Judgments—Motions—Excusable Neglect—Inadequate Excuse.**

A judgment should not be set aside for excusable neglect when it appears that it was for default of answer filed, and the defendant has permitted term after term of court to pass, stating in his affidavit supporting his motion, as the ground for the relief, and that he had had an erroneous impression of the plaintiff's name, and had repeatedly inquired of the clerk if complaint had been filed in the case, giving the wrong name as that of the plaintiff, with information that it had not been filed, etc. *Pierce v. Eller*, at this term, cited and applied.

APPEAL by defendant from *Harding, J.,* at April Special Term, 1914, of BUNCOMBE.

This is a motion to set aside a judgment upon the ground of excusable neglect.

The summons was issued and served 9 March, 1910, returnable to a term of court beginning the first Monday after the first Monday in March, 1910. The complaint was filed 31 May, 1910.

At March Term, 1912, no answer having been filed, judgment by default and inquiry was entered against the defendant, but the judgment was not signed until January Term, 1913.

On 11 April, 1913, the defendant filed an affidavit in the action, and moved for and obtained a restraining order thereon.

On 21 August, 1913, the defendant filed his affidavit, which is the basis of his motion.

His Honor found, among other things, that defendant W. T. Justice forgot who the parties were and got the impression that the case was James J. Bailey v. W. T. Justice. That there does not appear that there was any such case as James J. Bailey v. W. T. Justice. That the defendant appeared at the office of the clerk at the return term of the summons, and several times thereafter in and out of term, and inquired if there had been any complaint filed against him in the case of James J. Bailey v. W. T. Justice; that there is uncontradicted evidence that defendant has been, prior to the commencement of the claim, vigilant in attending to his matters in the courts, and there is evidence tending to show that defendant has a meritorious defense to this action.

The motion was denied, and the defendant appealed.

*Merrimon, Adams & Adams for plaintiff.*
*Glenn & Sale for defendant.*

ALLEN, J. The summons is irregular, in that it was made returnable to a term of court convening within less than ten days from the date of its issue (*Scott v. Jarrell, ante,* 364), but the defendant cannot avail himself of this objection, because he appeared in the action and moved for a restraining order. *Scott v. Life Assn.,* 137 N. C., 517; *Grant v. Grant,* 159 N. C., 531.

The facts found by his Honor are not as favorable to the defendant as those in *Pierce v. Eller,* at this term, in which a motion to set aside a judgment was denied, and that case is decisive of this.

Affirmed.