S. A. WOOTEN ET AL. v. N. C. CUNNINGHAM.

(Filed 8 March, 1916.)

**1. Court's Jurisdiction—Irregularities—Appearance—Waiver.**

Where tenants in common have their lands divided into lots and sold at public outcry through a realty company, whereat C. became a purchaser of several of the lots, and paid 10 per cent of his bid to a third person, and afterwards the tenants filed proceedings for partition among themselves to perfect the title, as to certain infants, in which C. was not made a party, but in which a commissioner was appointed by the clerk to execute title to the purchasers at the private sale upon payment of the purchase price, and an order was made approving the private sale theretofore made, all of which proceedings were afterwards confirmed, and on appeal from the clerk, C., upon notice, was made a party, and filed an answer denying title: *Held,* though the proceedings were not had in the due course and practice of the courts, the appearance of C. was a general one, waiving the irregularities, and thereby the Superior Court obtained jurisdiction and properly proceeded with the cause. Revisal, sec. 614.

WOOTEN *v.* CUNNINGHAM.

### 2. Same—Trials—Questions of Law—Demurrer.

Where the defendant in a civil action appears and pleads to the merits of the cause, or makes a defense which can only be sustained by the exercise of the court's jurisdiction upon the merits, his appearance is a general one, notwithstanding the view in which he may regard it; and where he has withdrawn his answer going to the merits of the cause, and enters a demurrer with the permission of the court, it cannot change the character of his appearance or make it a special one. The judgment in this case overruling the demurrer is sustained, with leave to plead over.

SPECIAL PROCEEDING heard by *Whedbee, J.,* at December Term, 1915, of GREENE.

It appears that the petitioners, through the Atlantic Coast Realty Company, had on 3 November, 1913, sold, in small farms or parcels, certain lands which they owned, to several parties, among them being the respondent N. C. Cunningham, who purchased three of the lots at the price of $10,732.80. This was a private sale, that is, not made under any judgment or order of a court, but merely by the petitioners at public outcry, through the realty company.

Petitioners afterward brought this proceeding for the purpose of having the land sold for partition among them, alleging in their petition that they are tenants in common of the land. They further allege that they had sold the land in small lots through the realty company and that respondent had purchased three of the parcels at $10,732.80. They prayed that said sale be confirmed and that a commissioner be appointed to execute title to the several purchasers at the sale upon payment of the purchase money. The respondent was not a party to the proceeding and his name was not mentioned in the same except as otherwise above set forth.

The proceeding was commenced before the clerk of the court, and he entered judgment confirming the several sales and appointed S. A. Wooten and M. E. Bizzell commissioners to execute deeds to the purchasers, and, further, for the distribution of the proceeds of the sale. On appeal the judgment of the clerk was affirmed by the Superior Court.

At February Term, 1914, petitioners filed an affidavit in which they alleged that the said sale had been made and that N. C. Cunningham had purchased three of the parcels of land for $10,732.80, and at the time of the sale had deposited 10 per cent of his bid, or $1,073.28, with one W. G. Carr, and that the sale to respondent had been approved and confirmed by the court; that the deposit with Carr was made for the purpose of insuring a compliance by Cunningham with the bid by making the other payments and receiving a deed for his lots, and that a tender of a good and sufficient deed had been made by the commissioners appointed and authorized by the court to make the same. The

petitioners prayed that judgment be entered against the respondent for the amount of his bid, $10,732.80, with interest, less the amount of the deposit, $1,073.28, which should be retained by the commissioners, and further, that if respondent failed to pay the balance due by him, the land be sold and the proceeds of the sale applied to the payment of the judgment, including costs and expenses, and for further and general relief. Notice of the motion, or petition, was duly given to the respondent and he came in under a general appearance and answered, among other things, that he had declined to comply with his bid "because there was a shortage of thirteen (13) acres in the tracts of land sold to him." He was allowed to withdraw this answer and demur upon the grounds that the sale to him was invalid, as there were infants who were interested in the land, and the sale was not made in this judicial proceeding, and that the motion to bring him into this action is irregular and that the court cannot give the relief demanded against him. The court overruled the demurrer and defendant appealed.

*Rouse & Land for plaintiff.*
*J. Paul Frizzelle and George M. Lindsay for defendant.*

WALKER, J., after stating the case: We agree with the respondent that this proceeding against him is somewhat irregular and not strictly according to the course and practice of the court. After perfecting the title in this proceeding for partition, an independent action should have been brought against the respondent to enforce the contract of purchase. But while this was the regular course to pursue, it seems to us that the rights of the parties may just as well be adjudicated in this proceeding, in view of the respondent's conduct in appearing generally and answering to the merits of the petition or motion, and then withdrawing his answer and demurring. His general appearance is still there. If he had appeared specially and moved to dismiss the petition, a different question might be presented, and, besides, as he has come into the case by his appearance, answer, and demurrer, and thereby waived the irregularity, we do not see why the court should not proceed to judgment, extending to him all the benefits and advantages he would have had if a separate action had been brought. He cannot be prejudiced by so treating this proceeding. If the court had first authorized the commissioners to accept private bids for the land in parcels, and respondent had made the same offer as he did at the sale, he would have been in the same position as a purchaser at a sale made under a judicial decree. He would have been a "preferred proposer" for the purchase of the land at the amount of the bid, and when the court had accepted his proposal and confirmed the sale the bargain would have been struck. *Joyner v. Futrell,* 136 N. C., 301.

The court may authorize its commissioner to receive, and report to it, a private offer or bid for the land. This has too frequently been decided by this Court to be now an open question. *Rowland v. Thompson,* 73 N. C., 504; *Sutton v. Schonwald,* 86 N. C., 202; *Barcello v. Hapgood,* 118 N. C., 712; *McAfee v. Green,* 143 N. C., 411; *Thompson v. Rospigliosi,* 162 N. C., 145.

By the appeal from the clerk the Superior Court at term acquired full jurisdiction of the cause, under Laws 1887, ch. 276; Revisal, sec. 614. See *Thompson v. Rospigliosi, supra,* and cases cited. This jurisdiction included the right of the court to accept a private bid through its commissioner. When the bid is accepted, whether it was made at public or private sale, the court has jurisdiction over the purchaser for the purpose of enforcing compliance with it. 24 Cyc., 52; *In re Yates,* 59 N. C., 212; *Ex Parte Pettillo,* 80 N. C., 50; *Marsh v. Nimocks,* 122 N. C., 478. The difference between the cases we have mentioned and this one is that there the usual procedure was adopted, by which the land was first ordered to be sold in a regular judicial proceeding, brought and prosecuted for that purpose, and the commissioner authorized to receive and report a private bid, while here the private sale was first made and the judicial proceeding for the sale of the land afterwards instituted. But respondent did not challenge the jurisdiction of the court *in limine,* but elected to appear generally and answer to the merits. The fact that he withdrew the answer and demurred does not change the nature of his appearance into a special one. *Scott v. Life Assn.,* 137 N. C., 515; *Currie v. Mining Co.,* 157 N. C., 209; *Grant v. Grant,* 159 N. C., 528; *Dell School v. Peirce,* 163 N. C., 424. We said in the latter case: "If the appearance is in effect general, the fact that the party styles it a special appearance will not change its real character. 3 Cyc., pp. 502, 503. The question always is, what a party has done, and not what he intended to do. If the relief prayed affects the merits or the motion involves the merits, and a motion to vacate a judgment is such a motion, then the appearance is in law a general one. *Ibid.,* pp. 508, 509. The court will not hear a party upon a special appearance except for the purpose of moving to dismiss an action or to vacate a judgment for want of jurisdiction, and the authorities seem to hold that such a motion cannot be coupled with another based upon grounds which relate to the merits. An appearance for any other purpose than to question the jurisdiction of the court is general. 2 Enc. of Pl. and Pr., 632. The effort of the company evidently was to try the matter and obtain a judgment on the merits while standing just outside the threshold of the court. This it could not do. A party cannot be permitted to occupy so ambiguous a position. If a defendant invokes the judgment of the court in any manner upon any question, except that of the power of the court to hear and decide the controversy, his appearance is general. If

he appeals to the merits, no statement that he does not will avail him, and if he makes a defense which can only be sustained by an exercise of jurisdiction, the appearance is general, whether it is in terms limited to a special purpose or not. It all comes to this, that he cannot take the inconsistent position of denying the authority of the court to take cognizance of the cause by reason of some defect in the process, and at the same time seek judgment in his favor upon the merits." It is familiar learning that a general appearance or pleading to the merits waives defects in process and in the jurisdiction of the person. *Harris v. Bennett,* 160 N. C., 339; *Hassell v. D. R. R. Steamboat Co.,* 168 N. C., 296. The Superior Court has general jurisdiction of the subject-matter of this proceeding, and if it did not have jurisdiction of the person, that might be waived, as we have shown, by general appearance or pleading to the merits.

We affirm the judgment, not because we approve this method of enforcing performance of a bid at private sale, but for the reason that respondent submitted to the jurisdiction of the court in this particular case, and it will save costs, and accomplish the same purpose, if we let the matter proceed rather than drive the petitioners to a separate action. The judgment overruling the demurrer is affirmed, with directions to permit respondent to answer and to set up any defense which would be available to him in an independent action, or in this, if it were strictly a proceeding to enforce compliance with a bid made at a judicial sale.

It appears from the record, by implication, that this special proceeding was brought to perfect the title, as there are infants who are interested, and that it was contemplated when the land was sold. This but adds another reason for sustaining the petition to confirm the sale and for such relief as the case requires.

No error.