## T. M. BARNHARDT v. EAST AVENUE DRUG COMPANY ET AL.

### (Filed 24 November, 1920.)

**1. Motions—Special Appearance—Merits.**

A defendant entering a special appearance for the purpose of dismissing the action must confine himself to jurisdictional grounds, and to obtain the protection of his special appearance he must not plead to the merits of the cause or waive the court's jurisdiction by asking any favor, such as a continuance, or the like.

**2. Courts—Amendments—Parties—Justices' Courts—Superior Courts.**

The court may allow an amendment to process and pleadings, within its statutory power, either before or after judgment, to correct a misnomer of parties or a mistake in any other respect, by inserting other material allegations when they do not substantially change the claim or defense; or to make the pleading or proceeding conform to the facts proved, Pell's Revisal, sec. 507; and especially so in the Superior Court on appeal from a justice of the peace. Rev., 1467 (Rule II).

**3. Appeal and Error—Evidence—Superior Court—Discretion.**

The Supreme Court, on appeal, may not pass upon the weight or credibility of the evidence introduced on the trial of an action, and will not disturb the judgment appealed from where there is evidence to support it, except for errors of law under exceptions properly taken and presented.

**4. Actions—Stay Bonds—Principal and Surety.**

The plaintiff may recover against the principal and surety on defendant's bond given to stay execution, in accordance with the express covenant required by the statute.

APPEAL from *Lane, J.,* at March Term, 1920, of MECKLENBURG.

*Clarkson, Taliaferro & Clarkson for plaintiff.*
*J. T. Sanders for defendant.*

WALKER, J. This is a summary proceeding in ejectment to recover land held by defendant under a lease, which was commenced in the court of a justice of the peace and taken by appeal of the defendant to the Superior Court, where a judgment was rendered in favor of the plaintiff for the possession of the premises, rent, and costs. Defendant appealed.

1. The defendant lost the benefit of his special appearance by moving for a continuance and pleading to the merits. This changed his special appearance into a general one. We said in *Scott v. Life Asso.,* 137 N. C., 515: "The Court will not hear a party upon a special appearance except for the purpose of moving to dismiss an action or to vacate a judgment for want of jurisdiction, and the authorities seem to hold that such a motion cannot be coupled with another based upon grounds which relate to the merits, and appearance for any other purpose than to ques-

tion the jurisdiction of the court is general." And again: "If the defendant invoke the judgment of the court in any manner upon any question, except that of the power of the court to hear and decide the controversy, his appearance is general," citing *Gilbert v. Hall,* 115 Ind., 549. The *Scott case, supra,* has been cited and approved in a number of late cases, and among them, *S. v. White,* 164 N. C., 408; *School v. Peirce,* 163 N. C., 424. The following state substantially, but in somewhat different language, the same principle: "A general appearance is entered in a cause by the making of a motion which involves the merits. The same is true of a motion for a change of venue, for a continuance, or for an adjournment." 4 C. J., sec. 32, page 1340. "Making a motion for a continuance is a step in the regular prosecution of the cause, and therefore constitutes a general appearance. This is so, although at the same time a motion to quash the summons or process was made"; 2 R. C. L., 329. "The making, by a person in a cause, of any motion which involves the merits, a motion for a change of venue, for a continuance—constitutes a general appearance." 3 Cyc., 508. But it is immaterial what kind of appearance was entered, as defendant was properly served with process, under the statute, so far as the ejectment feature of the action is concerned, and he clearly waived the protection of his special appearance, as to the money judgment, when he elected to ask of the court a favor upon the merits. He should have kept himself strictly within the limits of the special appearance. This is the settled law, as the authorities are united in its favor.

2. The court was well within its statutory power when it allowed the amendment of the process and pleadings so as to show the true names of the parties, there being nothing more than a misnomer, as they originally stood. The judge or court may, before and after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party; or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. 1 Pell's Revisal, p. 236, sec. 507. The court, or judge thereof, shall, in every stage of the action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect. 1 Pell's Revisal, p. 241, sec. 509, and notes. And a liberal policy is pursued in cases appealed from the court of a justice of the peace, as will be seen by reference to the cases in 1 Pell's Revisal, cited under sec. 507. It was provided by Rev., 1467 (Rule XI), that no process or other proceeding begun before a justice of the peace,

whether in a civil or a criminal action, shall be quashed or set aside, for the want of form, if the essential matters are set forth therein; and the court in which any such action is pending, shall have power to amend any warrant, process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be deemed just, at any time either before or after judgment. *Laney v. Mackey,* 144 N. C., 632. The Superior Courts, in cases appealed from a justice's court, are especially required to be liberal in allowing amendments, so that cases may be tried upon their merits and no longer upon the technicalities of procedure. See the cases in the note to that section collected by Judge Pell.

3. The motion for nonsuit was properly overruled, as there was evidence to justify the verdict of the jury. We have no jurisdiction to pass upon the merits of the evidence or to review the findings of the jury, but only decide upon the law. The judge below may set aside the verdict if he considers it against the weight of the testimony, but we possess no such power.

4. The plaintiffs were entitled to judgment upon the stay bond against the principal and his sureties, for that is in accordance with their covenant as expressed in it.

We can find no error in the case on appeal or the record.

No error.