The summons and verified complaint in this action were duly served on both defendants on 14 February, 1928. No answer or other pleading was filed in the action by either defendant.
It was alleged in the complaint that on 1 December, 1924, the defendants executed and delivered to the plaintiff their note in the sum of $33,000, payable on the amortization plan in sixty-six semiannual installments; that default was made in the payment of the semiannual installment due on 1 December, 1927; and that because of said default, the said note by its terms became due and payable on 1 December. 1927. It was alleged that the amount due on said note, at the date of the commencement of the action, was $32,124.18, with interest from 1 December, 1927. *Page 454 
It was further alleged in the complaint that contemporaneously with the execution of their note and for the purpose of securing the same, the defendants executed and delivered a deed of trust by which they conveyed to the Southern Trust Company, trustee, the tract of land described in the complaint.
The plaintiff prayed judgment that it recover of the defendants the sum of $32,124.18, with interest from 1 December, 1927; and that the land described in the complaint be sold by a commissioner to be appointed by the court for that purpose.
On Monday, 19 March, 1928, judgment by default final, for want of an answer to the complaint, was rendered by the clerk of the Superior Court of Washington County. It was adjudged therein that plaintiff recover of the defendants the sum of $32,124.18, with interest from 1 December, 1927, and the costs of the action. It was further ordered and decreed in said judgment that the land described in the complaint be sold by the commissioner appointed therein for that purpose, and that said commissioner report the sale to the court for confirmation.
On 21 April, 1928, the commissioner appointed by the court, filed his report in this action, from which it appeared that he had offered the land described in the complaint for sale as directed by the judgment, and that the plaintiff was the last and highest bidder for said land in the sum of $19,500.
On 21 May, 1928, the sale made by the commissioner was duly confirmed, and thereafter the commissioner by his deed dated 23 May, 1928, conveyed the land described in the complaint to the plaintiff.
On 24 February, 1930, an action was begun in the Superior Court of Washington County, entitled, "Wm. T. Alexander and Ethel P. Alexander v. Virginia-Carolina Joint Stock Land Bank and Southern Trust Company, trustee." In their complaint in said action, the plaintiffs alleged that because of the mutual mistake of the parties to the deed of trust executed by the plaintiffs, Wm. T. Alexander and his wife, Ethel P. Alexander, to the defendant, Southern Trust Company, trustee, to secure their note payable to the defendant, Virginia-Carolina Joint Stock Land Bank, the description of the land contained in said deed of trust is erroneous, for that said description includes a tract or parcel of land, owned by the plaintiff, Wm. T. Alexander, which it was not intended by said parties should be conveyed by said deed of trust. The said action was for the reformation of the deed of trust in accordance with the allegations of the complaint.
The defendants in said action in their answer denied the allegations of the complaint on which plaintiffs prayed for the reformation of the deed of trust; they further pleaded in defense of the action, as an *Page 455 
estoppel against the plaintiffs, the judgment in the action entitled, "Virginia-Carolina Joint Stock Land Bank v. Wm. T. Alexander and his wife, Ethel P. Alexander."
In their reply to the further defense alleged in the answer of the defendants, plaintiffs alleged that the said judgment is not a bar to their recovery in said action, for that the description of the land ordered to be sold by said judgment does not include the tract or parcel of land which was included by the mutual mistake of the parties in their deed of trust to the Southern Trust Company, trustee, or that if the said description does include said tract or parcel of land, such inclusion was by the mutual mistake of the parties to said deed of trust.
The action entitled, "Wm. T. Alexander and his wife, Ethel P. Alexander, v. Virginia-Carolina Joint Stock Land Bank and Southern Trust Company, trustee," was on the calendar for trial at the June Special Term, 1931, of the Superior Court of Washington County. When said action was called for trial, the plaintiffs therein, who are the defendants in the above entitled action, moved in said action "that the court hear the evidence in the case called for trial, and consider said evidence on plaintiff's motion to set aside the judgment in the action entitled, `Virginia-Carolina Joint Stock Land Bank v. Wm. T. Alexander and his wife, Ethel P. Alexander,' for irregularities and for mistake, surprise and excusable neglect, treating the pleadings in the action entitled, `Wm. T. Alexander and wife, Ethel P. Alexander, v. Virginia-Carolina Joint Stock Land Bank and Southern Trust Company, trustee,' as a motion for that purpose."
The Virginia-Carolina Joint Stock Land Bank, plaintiff in the above entitled action, objected to the hearing of said motion, on the ground, (1) that said motion was not in writing; and (2) that no notice of said motion had been served on said plaintiff, as required by the statute. The objection was overruled, and plaintiff excepted.
The court heard the motion, and ordered that the judgment in the above entitled action rendered by the clerk on 19 March, 1928, and the decree confirming the sale of the land sold by the commissioner pursuant to said judgment, dated 21 May, 1928, be and the same were set aside and vacated for irregularities appearing therein. Plaintiff excepted to this order, and appealed therefrom to the Supreme Court.
The defendants in this action, who are the plaintiffs in the action entitled "Wm. T. Alexander and his wife, Ethel P. Alexander, v. Virginia-Carolina Joint Stock Land Bank and Southern Trust Company, *Page 456 
trustee," in their complaint filed in the latter action did not attack the regularity of the judgment and decree rendered by the clerk of the Superior Court in this action; they do not allege in their reply to the further defense alleged in the answer to their complaint, that said judgment and decree were irregular in any respect, or that the same were rendered because of their mistake, surprise or excusable neglect. They deny that said judgment and decree are a bar to their recovery in this action.
The pleadings in the action entitled, "Wm. T. Alexander and his wife, Ethel P. Alexander, v. Virginia-Carolina Joint Stock Land Band and Southern Trust Company, trustee," are not sufficient as a motion in this action that the judgment and decree rendered by the clerk on 19 March, and on 21 May, 1928, respectively, be set aside and vacated, or as notice to the plaintiff that such motion would be made at June Special Term, 1931, of the Superior Court of Washington County. For this reason, Craddock v. Brinkley,177 N.C. 125, 78 S.E. 280, cited in the brief filed in this Court for the appellees is not applicable. In that case it is said that when a party by mistake brings an independent action to set aside a judgment, when his remedy is by a motion in the cause, the court may in its discretion treat the summons and complaint as a motion. This principle manifestly has no application, when the relief sought in the independent action is the reformation of a deed, and not the setting aside or vacation of a judgment and decree in another action between the same parties.
It was error for the court to hear or consider the motion in this action, in the absence of a notice served on the plaintiff as required by C. S., 912. For this reason, the order setting aside and vacating the judgment and decree rendered in this action on 19 March and 21 May, 1928, respectively, is
Reversed.