This is an action brought by plaintiff against defendants to foreclose a certificate of tax sale of a certain lot in Buncombe County, N.C. "listed as the property of J. A. Penland" for $317.50. The record discloses affidavit of publication which contains "due search made and the defendants, J. A. Penland and wife, Addie Penland, cannot be found *Page 300 
in Buncombe County." Publication is ordered and notice of publication is set forth. Judgment appointing a commissioner and ordering sale and notice of publication set forth. Report of sale, confirmation and decree "County of Buncombe, who became the highest bidder for cash thereof for the sum of $413.13." Assignment of bid to Auburn-Asheville Company for $413.13 and request to commissioner to make deed. A. P. Grice, trustee, and R. M. Wendell entered a special appearance and made motion: "Now come A. P. Grice, trustee, and R. M. Wendell, and enter a special appearance in this action for the sole purpose of moving the court for an appropriate order and decree (a) setting aside, canceling and striking from the records that certain purported deed from Lamar Galloway, commissioner, to Auburn-Asheville Company, dated the ....... day of May, 1932, and recorded in the office of the register of deeds of Buncombe County, North Carolina, in Deed Book 454, page 28, as constituting a cloud on the legal and equitable titles to the land and premises hereinafter described, (b) vacating and setting aside the interlocutory judgment and the purported confirmation of the attempted foreclosure sale herein, (c) striking out the purported and attempted affidavit and order of publication, (d) striking out the sheriff's return on the summons, and (e) dismissing the action for want of jurisdiction of the court; and the said moving parties expressly save and reserve all of their rights in this behalf. For the purpose hereof, the moving parties respectfully show the court:
"That A. P. Grice, trustee, is a citizen and resident of the city of Norfolk, Virginia, and is the owner and holder of the legal title to the land and premises hereinafter described, under and by virtue of a conveyance of the same by J. H. Morris and Ruth H. Morris, his wife, by a certain deed in trust, dated 15 April, 1928, and duly recorded in said register's office in Book of Mortgages and Deeds in Trust No. 285, page 339, and that R. M. Wendell is a citizen and resident of Buncombe County, N.C. and is the lawful owner and holder of the equitable title to said land and premises under and by virtue of a conveyance thereof, by J. H. Morris and Ruth H. Morris, his wife, by a certain deed dated 8 September, 1928, and duly recorded in said register's office in deed Book 396, page 262, which said deed in trust and deed, and the records thereof, are hereby specifically referred to and made parts hereof. . . . That said lands and premises have a present actual market value of at least $12,000, as nearly as the moving parties can ascertain the same. That the moving parties had no knowledge of the pendency of this action prior to 29 August, 1932, on which date it was discovered that a purported corporation, known as Auburn-Asheville Company, had, on 24 August, 1932, recorded an alleged deed to said land and premises in pursuance of this action, and that subsequently, on 10 *Page 301 
September, 1932, the moving parties brought a civil action in this court against the said Auburn-Asheville Company for the purpose of removing its claim under the said alleged deed as a cloud on the legal and equitable titles of the moving parties to said land and premises."
The moving parties pray that the court make "appropriate order and decree" on the grounds: "That the 1928 tax list upon which this action was predicated is erroneous, irregular and utterly false, for that it purports to show that the defendant, J. A. Penland, was the owner of said land and premises on 1 May, 1928, whereas neither the said defendant nor his wife and codefendant, Addie Penland, ever owned the said land and premises or any right, title, interest, estate or equity therein or thereto, the said tax list having been made and signed in the name of J. A. Penland, but without his knowledge or consent, by one J. H. Morris, who at that time was the true owner of said land and premises, and who should have listed the same in his own name."
Various other grounds are set forth and that the whole foreclosure procedure is irregular, illegal and void. In the record is also the following: "And movants further move the court that the said Auburn-Asheville Company be made a party to this proceeding for the purpose hereof."
Notice of the special appearance and motion was duly served on the county of Buncombe, J. A. Penland, Addie Penland and the Auburn-Asheville Company. The county of Buncombe answered admitting and denying certain of the allegations made by the movants. It admitted: "That no personal service was had on the defendants, but the plaintiff alleges that service was made by publication as is provided by law. . . . The plaintiff expressly alleging that each and every part of the foreclosure proceeding in question was carried out in accordance with the provisions of the statutes of North Carolina. . . . Wherefore, the plaintiff prays the court that the special appearance and motion of the said A. P. Grice, trustee, and R. M. Wendell, be dismissed."
The court below made the following order and decree: "This cause coming on to be heard before his Honor, P. A. McElroy, judge presiding and holding the courts of the Nineteenth Judicial District, at this the September Term, 1933, on the special appearance and motion of A. P. Grice, trustee, and R. M. Wendell, lodged in said cause for the purpose of securing an appropriate order and decree by the court setting aside and canceling a certain deed from Lamar Galloway, commissioner, to Auburn-Asheville Company, dated the ....... day of May, 1932, and recorded in the office of the register of deeds of Buncombe County, North Carolina, in deed Book 454, at page 28, and for other purposes specifically set out in said special appearance and motion, and being heard upon the arguments of counsel for the said movants, and for said *Page 302 
Auburn-Asheville Company, and it appearing from the record herein that said A. P. Grice, trustee, and R. M. Wendell, have never been made parties to this cause, and that said Auburn-Asheville Company has never been made a party hereto, by reason whereof the court is of the opinion that the said movants are not entitled at the present time, under the existing state of the record, to have their said motion heard upon the merits thereof. It is now, therefore, upon motion, considered, ordered, adjudged and decreed that said special appearance and motion be and the same is hereby dismissed at the cost of said movants, to be taxed by the clerk."
The movants, A. P. Grice, trustee, and R. M. Wendell excepted and assigned error to the judgment as signed and appealed to the Supreme Court.
The question involved: Where land is sold in an action to foreclose certificate of tax sale under N.C. Code, 1931 (Michie) section 8037, and the owners are not named as parties defendant, but appear specially, does the court have the power and authority to hear and determine their motion to set aside and vacate the proceedings, on the ground that the same is void for want of jurisdiction and make additional party? We think so under the facts and circumstances of this case, as the appearance was general and the motion could be made. This action is brought to foreclose a certificate of tax sale on a certain lot in Buncombe County, North Carolina. In N.C. Code of 1931 (Michie), section 8037, is the following: "Such relief shall be afforded only in an action in the nature of an action to foreclose a mortgage," etc.
N.C. Code of 1931 (Michie), part section 593, the clerk under a foreclosure proceeding: "May issue writs of assistance and possession upon ten days notice to parties in possession."
The movants contend that they have the legal and equitable title to the lot in controversy. If the real owner is in possession, the purchaser at the foreclosure sale could seek a "writ of assistance" and dispossess him. Further, it is contended that the attempted foreclosure proceeding is a cloud on movants' title.
N.C. Practice and Procedure in Civil Cases (McIntosh), speaking to foreclosure proceedings at page 217, we find: "As to prior and subsequent incumbrancers, it is generally held that, if the purpose of the proceeding is to get a sale of the property discharged of all liens so that a purchaser will be protected, it is necessary that they should be made parties. The prior mortgagee has the first right and if the land *Page 303 
is sold at the suit of a subsequent mortgagee, the purchaser will take it subject to the lien of the prior mortgage. If subsequent mortgagees are not made parties, it was formerly held that the sale of the land would discharge their liens, which would be transferred to the fund received; but it is now held that subsequent mortgagees or lienholders are not bound by the action unless they are made parties, and that they would still have the right to redeem."
Jones v. Williams, 155 N.C. 179; Madison Co. v. Coxe, 204 N.C. 58
(66); in Guy v. Harmon, 204 N.C. 226 (227), is the following: "Foreclosure is an equitable proceeding and the law as interpreted and applied in this State, has uniformly commanded a day in court for parties in interest."
Bank v. Thomas, 204 N.C. 599; Ferebee v. Thomason, 205 N.C. 263. InCraven County v. Investment Co., 201 N.C. 523 (528), the principle is thus stated: "In courts of equity the object sought is a complete decree on the general merits — the administration of justice by settling the rights of all parties interested in the subject-matter of the suit. Hence it is that all persons materially interested therein, whether legally or beneficially, should be made parties, however numerous, so that all may be bound by the final decree. Story's Equity Pleadings, sec. 72, et seq." A motion in the cause was proper. "A judgment void upon its face, is subject to both direct and collateral attack." Fowler v. Fowler, 190 N.C. 536
(539); Davis v. Brigman, 204 N.C. 680. We find in 34 C.J., p. 345-346, the following: "A void judgment may be vacated and stricken from the record as a nullity at the instance of any person interested or affected thereby. A fraudulent judgment may likewise be attacked by creditors or others as to whom it is fraudulent, although they are strangers to the record. Persons who, while not parties to the record, are the real parties in interest affected by the judgment stand in such relation to the judgment that they are entitled to move to set aside or vacate it." C.J., supra, cites the case of Reynolds v. Cotton Mills, 177 N.C. 412, to sustain the principle and at p. 425 is the following: "Any party interested or affected by a void judgment may attack it collaterally, in a proper case, or by a direct proceeding to have it stricken from the record as a nullity. The Court, byRodman, J., (who was of most excellent learning in such matters), held inHervey v. Edmunds, 68 N.C. 243, that an irregular judgment as, for instance, when the court lacked jurisdiction, could be attacked collaterally where the validity appeared on its face, or directly when it did not, and this could be done by any person interested in it or affected by it, whether a party to it or not. And it was intimated, if not held, that where the judgment is void it may be avoided or stricken from the record by the court, ex mero motu, or at the instance of any person not interested *Page 304 
in having it done, and he added, `this was decided in Winslow v. Anderson,20 N.C. 1, and we take it to be reasonable.' To the same effect areDobson v. Simonton, 86 N.C. 492; Walton v. McKesson, 101 N.C. 428, 442. In the Winslow case, supra, Chief Justice Ruffin said that any person who is affected in interest by it may claim, for the purpose of justice (exdebito justiciae), the exercise of the court's power to vacate a judgment which is void." Clark v. Homes, 189 N.C. 703 (708). In Freeman on Judgments (5th ed.), part sec. 260 p. 523, is the following: "The rule that none but parties to the judgment are permitted to interfere admits of exceptions, excluding from its operation persons not nominal parties to the action, but who are necessarily affected by the judgment, and who have equities entitled to be protected from its operation."
We think the appearance of the movants general. In Scott v. LifeAssociation, 137 N.C. 515 (518), is the following: "The test for determining the character of an appearance is the relief asked, the law looking to its substance rather than to its form. If the appearance is in effect general, the fact that the party styles it a special appearance will not change its real character. 3 Cyc., pp. 502, 503. The question always is what a party has done, and not what he intended to do. If the relief prayed affects the merits or the motion involves the merits, and a motion to vacate a judgment is such a motion, then the appearance is in law a general one. Ibid., pp. 508, 509. The court will not hear a party upon a special appearance except for the purpose of moving to dismiss an action or to vacate a judgment for want of jurisdiction, and the authorities seem to hold that such a motion cannot be coupled with another based upon grounds which relate to the merits. An appearance for any other purpose than to question the jurisdiction of the court is general. 2 Enc. of Pl. Pr., 632. . . . . `A special appearance,' says Mitchell, J., in Gilbert v. Hall,115 Ind. 549, `may be entered for the purpose of taking advantage of any defect in the notice or summons, or to question the jurisdiction of the court over the person in any other manner; but filing a demurrer or motion, which pertains to the merits of the complaint or petition, constitutes a full appearance, and is hence a submission to the jurisdiction of the court.' Whether an appearance is general or special does not depend on the form of the pleading filed, but on its substance. If a defendant invoke the judgment of the court in any manner upon any question, except that of the power of the court to hear and decide the controversy, his appearance is general." Motor Co. v. Reaves, 184 N.C. 260; McCollum v. Stack,188 N.C. 462.
It has been decided that the appearance is general and not special: The filing of answer or a demurrer, Comrs. v. Scales, 171 N.C. 523; Reel v.Boyd, 195 N.C. 273; asking for a restraining order in a pending *Page 305 
action. McDowell v. Justice, 167 N.C. 493; making a motion for change of venue, Grant v. Grant, 159 N.C. 528; asking for an order for time in which to file answer. Garrett v. Bear, 144 N.C. 23; motion to set aside a judgment and file answer, Abbitt v. Gregory, 195 N.C. 203 (209).
It may be noted that the decisions on special appearances have been written in cases where counsel thought they were entering special appearances and appeared generally instead. The whole tenor of the movants' motion was for the purpose of "securing an appropriate order and decree by the court setting aside and canceling a certain deed from Lamar Galloway, Commissioner to Auburn-Asheville Company." The Auburn-Asheville Company that held the deed to be set aside and canceled was not a party to the proceeding and the record discloses that "movants further move the court that the said Auburn-Asheville Company be made a party to this proceeding for the purpose hereof." We think the movants' appearance general, not special. C.S., 401.
C.S., 460, in part: "When a complete determination of the controversy cannot be made without the presence of other parties, the court must cause them to be brought in." Barbee v. Cannady, 191 N.C. 529.
N.C. Code, 1931 (Michie), 7971(15), is as follows: "Real property shall be assessed in the township or place where situated to the owner, if known; if the owner be not known and there be an occupant, then to such occupant, and either or both shall be liable for taxes assessed on such property; and if there be no owner or occupant known, then as unknown," etc.
C.S., 7971(36), is as follows: "Every person owning property, real or personal, is required to list and shall make out, sign and deliver to the assistant supervisor, list taker or assessor, a statement, verified by his oath, of all the real and personal property, money credits, investments in bonds, annuities or other things of value, and the value of all improvements on or changes in real property since same was assessed at the last quadrennial assessment, which was in the possession or control of such person or persons on the first day of April, either as owner or holder thereof or as parent, guardian, trustee, executor, administrator, agent, or factor, or in any other capacity," etc.
The contention of movants are: (1) J. A. Penland did not own the land in controversy and if he did he was a resident of Buncombe County, North Carolina, and the attempted service by publication was therefore, illegal and void. Fowler v. Fowler, supra. (2) The land was not listed in the owner's name, J. H. Morris, in accordance with the statute and for other irregularities, the sale was therefore, illegal and void. Buncombe Countyv. Arbogast, 205 N.C. 745.
J. H. Morris and wife on 15 April, 1928, made a deed in trust to A. P. Grice, trustee and conveyed the equity of redemption to R. M. *Page 306 
Wendell on 8 September, 1928. They were not made parties to the foreclosure proceedings. There are other serious allegations (made by movants) as to the invalidity of the foreclosure proceedings that we need not now consider. The movants were in court on a general appearance. The movants' motion to make Auburn-Asheville Company, a party, should have been granted. It seems that notice of the movants to make this motion was personally served on J. A. Penland and Addie Penland. J. H. Morris was not made a party. All these should be made parties for a "complete determination of the controversy." No brief has been filed by the county of Buncombe in this Court.
It is necessary for the purpose of government that taxes be levied and collected. It is so easy in proceedings of this kind to make all who have an interest in the land parties to the controversy. Notice and opportunity to be heard are fundamental bulwarks of the law, necessary to preserve orderly government, in any enlightened civilization. In the present case, without notice or opportunity to be heard, the land was sold, if the facts set forth by the movants are correct, the Auburn-Asheville Company attempted to purchase from Buncombe County for $413.13 the tax and cost, property which the present actual market value is worth $12,000. The rattlesnake before it attempts to inject its deadly poison will give notice to its victim, so should courts of justice see to it that the rights of persons or property should not be endangered without notice and an opportunity to be heard. It goes without saying that the county has a lien on the land in controversy for the tax and in final adjustment should be paid by the proper party. The learned and able judge who heard the case in the court below dismissed it on the ground that the movants had entered a special appearance. We think although the movants called it special, it was a general appearance and the controversy should be heard on its merits. For the reasons given, the judgment is
Reversed.