EAST CAROLINA LUMBER COMPANY, INCORPORATED, v. TULLIE MITCHELL WEST, GEORGE B. RIDDLE, JR., TRUSTEE; CRAVEN COUNTY, A BODY POLITIC AND CORPORATE; B. O. JONES, TRUSTEE; T. D. WARREN, JR., RECEIVER, AND FIRST-CITIZENS BANK & TRUST COMPANY, EXECUTOR OF THE ESTATE OF J. M. WEST, DECEASED.

(Filed 26 February, 1958.)

1. Judgments §§ 27c, 27d—

   An erroneous judgment can be corrected only by appeal; an irregular judgment can be corrected by motion in the cause. Both an erroneous and an irregular judgment bind the parties until corrected in the proper manner in the exercise of due diligence.

2. Judgments § 27b—

   If the court has no jurisdiction of the cause of action or the parties, judgment rendered in the action is a nullity, and its invalidity may be asserted at any time some benefit or right is asserted thereunder.

3. Process § 4½—

Where an act authorizes the appointment of a special officer for limited and specified purposes, but further provides that such officer should receive the same fees for serving both criminal and civil writs as allowed by law to the constable of the township, which constable is authorized to serve process, the act authorizes such special officer to serve summons. Chapter 590, Public Local Laws of 1923.

4. Same—

A deputy sheriff has authority to serve summons. G.S. 162-14.

5. Appearance §§ 1, 2—

Recitals in several successive orders for continuances that they were entered by consent imply that both parties consented thereto, and such recitals would be irregular if one of the parties was not subject to the jurisdiction of the court, and therefore, under the presumption of the regularity of proceedings in courts of general jurisdiction, such recitals are sufficient to show a general appearance waiving any defect in the service of process.

6. Judgments § 27d—

Where the court rendering judgment has jurisdiction of both the cause of action and the parties, the judgment cannot be collaterally attacked, nor may an attack be treated as a motion in the cause when the parties to that judgment are not before the court in the action attacking the judgment, since such parties are entitled to notice. G.S. 1-581.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Bone, J.*, November 1957 Term of CRAVEN.

*Hugh Wilcox, R. C. McClelland, and Jones, Reed & Griffin for plaintiff appellant.*

*R. E. Whitehurst, Ward & Tucker, R. A. Nunn, Barden, Stith & McCotter, Bernard B. Hollowell, Norman & Rodman, and Rodman & Rodman for defendant appellees.*

RODMAN, J. The parties here are designated as appellant and appellees. This is an action to remove an asserted cloud from appellant's title to a tract of four acres in James City, Craven County. The cloud is claimed to originate in a deed made by T. D. Warren, Jr. as receiver of East Carolina Lumber Company. The pleadings in the present case make the validity of the deed from Warren, receiver, depend on the court's jurisdiction over the defendant, a North Carolina corporation, when in 1929 Edna Basnight and others brought an action in the Superior Court of Craven County against East Carolina Lumber Company. The parties to that action will hereafter be designated as plaintiffs and defendant.

When this cause was called for trial, appellees moved to dismiss the action as a collateral attack on the receivership proceeding. As determinative of appellant's right to proceed in this action the parties tendered to Judge Bone the judgment roll in the action begun in 1929 by Basnight and others against East Carolina Lumber Company. He ruled that the receivership action was not subject to collateral attack and for that reason dismissed this action. The appeal presents only the correctness of that ruling.

The correct method of attacking a judgment is dependent on the character of the asserted defect. Errors in law can only be rectified by an appellate court on proceedings properly taken in the action in which the judgment was rendered. Irregularity due to an inadvertence of the court in rendering an improper judgment can be corrected by motion made in the action in which the judgment was rendered. An erroneous or irregular judgment binds the parties thereto until corrected in a proper manner. Diligence is necessary to obtain relief. A void judgment, however, binds no one. Its invalidity may be asserted at any time and in any action where some benefit or right is asserted thereunder. A judgment is void if the court rendering it does not have jurisdiction either of the asserted cause of action or of the parties. *Moore v. Humphrey,* 247 N.C. 423; *Mills v. Richardson,* 240 N.C. 187; *Powell v. Turpin,* 224 N.C. 67, 29 S.E. 2d 26; *Dunn v. Wilson,* 210 N.C. 493, 187 S.E. 802; *Clark v. Homes,* 189 N.C. 703, 128 S.E. 20; *Carter v. Rountree,* 109 N.C. 29.

The Superior Court has jurisdiction of actions for the appointment of receivers, G.S. 1-501, with authority to direct the sale of the property of a corporate defendant for equitable distribution among its creditors. G.S. 55-148.

The invalidity presently asserted is that the summons which issued in 1929 for East Carolina Lumber Company was "not served upon the said defendant by a process officer authorized by law to serve such summons and process; and the said plaintiff is further advised, believes and so alleges that such service as was had upon the said defendant in the said action was and is illegal and void . . ."

The record discloses Edna Basnight and others, on 1 March 1929, filed a complaint in the Superior Court of Craven County alleging insolvency of East Carolina Lumber Company, a North Carolina corporation; that plaintiffs were creditors of the corporation; the necessity for the appointment of a receiver to preserve and distribute the corporation's assets. Summons issued on the filing of the complaint for East Carolina Lumber

Company directed to the sheriff of Craven County. It bears this notation:

"Received March 2, 1929

"Served March 2, 1929 by delivering a copy of the within summons and a copy of the complaint to each of the following defendants: H. B. Turner, Agent, East Carolina Lbr. Co.

"Sheriff ........................................ County

"BY: F. G. MITCHELL, D. S.

     S. T. O."

On the same date summons issued from the Superior Court of Craven County directed to the sheriff of Wake County for the defendant. That summons bears a notation that it was received 5 March 1929 and served 5 March 1929 by delivering a copy to J. A. Hartness, Secretary of State. On 1 March, 1929 Judge Nunn signed an order appointing temporary receivers. The order directed the defendant to appear before Judge Daniels, judge holding the courts in the Fifth Judicial District at Beaufort, on 15 March 1929, and show cause, if any it had, why the appointment should not be made permanent.

Appellant contends that the letters "S. T. O." written under the name of F. G. Mitchell, appearing on the summons of 1 March 1929, stand for and mean Special Traffic Officer, appointed pursuant to the provisions of Ch. 590, P.L.L. 1923, and that the court should take judicial notice of the fact that said letters have that meaning, and that this Special Traffic Officer has only such powers as are there granted.

That Act empowers the commissioners of Craven County to appoint a special officer with power and authority of a deputy sheriff of Craven County or constable of Number Eight Township or any other township of Craven County to enforce the prohibition, speed, and road laws and all other laws applicable to or in force in Craven County in the same manner and with the same power and authority as the sheriff of Craven County. It further provides: ". . . and the said special officer so appointed by said board of commissioners of said Craven County, North Carolina, shall receive the same fees for serving both criminal and civil writs in all service as is now allowed by law or shall hereafter be allowed by law to the constable of Number Eight (8) Township of Craven County."

True that Act does not expressly authorize the special officer to serve process, but since it authorizes him to collect the same fees for service of process as the constable of Number Eight Township is entitled to receive, it would seem necessarily to imply that he would have the same authority to serve process as

the constable of Number Eight Township of Craven County has. The constable of Number Eight Township of Craven County is, by Ch. 148, P.L.L. Ex. Sess. 1921 "authorized to serve anywhere within the county of Craven any and all process, summons, writs . . . made or issued by or from any of the several justices of the peace of the said Number Eight Township, by the county court of Craven County, and by the Superior Court of Craven County . . ." for the same fees the sheriff is allowed for such service. It would seem to follow that if the letters "S. T. O." have the meaning which appellant ascribes to them, the officer appointed by the commissioners of Craven County was by legislative act vested with power to serve summons issuing from the Superior Court of Craven County. If, however, the summons was served by Mr. Mitchell as deputy sheriff of Craven County, he had the authority to serve the summons. G.S. 162-14.

The authority of the officer to serve process is not, however, necessary to a decision of this case. The question is: Did the court, when it appointed the receiver, have jurisdiction over the defendant East Carolina Lumber Company? Service of process is not necessary to give a court jurisdiction of a person. It is merely to give him notice so that he may appear and protect his rights. He may, of course, waive this notice and voluntarily appear. "A voluntary appearance of a defendant is equivalent to personal service of the summons upon him." G.S. 1-103; *Waters v. McBee*, 244 N.C. 540, 94 S.E. 2d 640; *Brittain v. Blankenship*, 244 N.C. 518, 94 S.E. 2d 489; *In re Blalock*, 233 N.C. 493, 64 S.E. 2d 848; *Moseley v. Deans*, 222 N.C. 731, 24 S.E. 2d 630; *Buncombe County v. Penland*, 206 N.C. 299, 173 S.E. 609; *Barnhardt v. Drug Company*, 180 N.C. 436, 104 S.E. 890; *Wooten v. Cunningham*, 171 N.C. 123, 88 S.E. 1; 6 C.J.S. 36-7.

The record, we think, suffices to show that East Carolina Lumber Company was properly before the court in 1929. It is not now asserted that process was not in fact served on it; the allegation is that it was served, but by one without authority to serve. If it made an appearance and requested favors from the court, it is bound. The record discloses that the receivership proceeding begun in 1929 was finally closed by order entered 27 November 1940. Judge Nunn's order appointing temporary receivers directed the defendant to appear before Judge Daniels at Beaufort on 15 March 1929. On the date fixed for the hearing Judge Daniels at Beaufort entered an order reading in part: "It is by consent ordered and adjudged that the hearing on this matter be continued to be heard before the undersigned Judge at Greenville, N. C., on March 20, 1929." There appears in the record a consent order dated 20 March 1929 reading: "By consent it is ordered and adjudged that this case be continued for hearing

from Greenville, N. C. to New Bern, N. C., and that it be set for hearing on Monday, April 8th, 1929." That order was signed by Judge Daniels, and following his signature is: "By consent:

"WARREN & WARREN
"ABERNETHY & ABERNETHY
"A. D. WARD
"WHITEHURST & BARDEN."

Warren & Warren and Abernethy & Abernethy were the attorneys for plaintiffs. On 12 April 1929 Judge Daniels signed an order reciting that he held a hearing on 11 April, heard argument of counsel and had taken the cause under advisement. He directed that the temporary receivership be continued without prejudice until 13 May. On 13 May 1929 Judge Daniels signed an order reciting that the cause had been continued from time to time, that one of the temporary receivers had requested that he not be appointed permanent receiver; thereupon the court appointed T. D. Warren, Jr. as receiver and directed him to take possession of the assets of defendant. The record discloses numerous sales over a period of several years of properties of defendant. All of its real and personal properties were disposed of. The receiver answered on behalf of the lumber company a complaint filed by Craven County against it prior to March 1929 wherein Craven County sought to foreclose its tax liens. The record discloses that Whitehurst & Barden, attorneys who signed the consent order of 20 March 1929, filed a claim with the receivers for professional services rendered defendant. Ward & Ward were, as the record discloses, attorneys for Citizens Trust Company, trustee in a deed of trust covering the lumber company's real estate.

The statement in the orders that they were made by consent must, we think, necessarily mean that plaintiffs *and defendant* agreed to the continuances. Of course defendant could not consent unless before the court in person or by attorney. To recite that a party had consented when not subject to the jurisdiction of the court would indeed be irregular and contrary to the record of Judge Daniels, who, for twenty-five years served with marked ability as a judge of the Superior Court. It would not accord with the presumption that proceedings in courts of general jurisdiction are regular. *Williams v. Trammell,* 230 N.C. 575, 55 S.E. 2d 81; *Starnes v. Thompson,* 173 N.C. 466, 92 S.E. 259; *Settle v. Settle,* 141 N.C. 553; *Bernhardt v. Brown,* 118 N.C. 700; 49 C.J.S. 838-9.

The reason for defendant's appearance and consent to the continuance is, of course, immaterial. It may have appeared in response to the service made by Mitchell, or it may have ap-

peared because of notice from the Secretary of State as a result of the service of summons on him, or it may have appeared because it wanted to oppose the appointment of a receiver or wanted to participate in the selection of a receiver. The only matter of importance is the fact that the record supports the conclusion that defendant was before the court on a general appearance. Since the record shows the appearance of defendant, the orders entered cannot now be collaterally attacked. *Adams v. Cleve,* 218 N.C. 302, 10 S.E. 2d 911; *Downing v. White,* 211 N.C. 40, 188 S.E. 815; *Caviness v. Hunt,* 180 N.C. 384, 104 S.E. 763; *Smathers v. Sprouse,* 144 N.C. 637.

Appellant, relying on *Simmons v. Simmons,* 228 N.C. 233, 45 S.E. 2d 124, and *Craddock v. Brinkley,* 177 N.C. 125, 98 S.E. 280, contends that the action should have been treated as a motion in the cause. That may be done when the action is brought in the same court in which the original judgment was rendered and the identical parties are then before the court. In this case the parties who instituted the receivership proceeding in 1929 are not now before the court. They have had no notice of the motion. They are entitled to notice. G.S. 1-581; *Bank v. Alexander,* 201 N.C. 453, 160 S.E. 462. In the absence of necessary parties the court could not treat this action as a motion in the cause. *Buncombe County v. Penland, supra; Davis v. Brigman,* 204 N.C. 680, 169 S.E. 421.

The record discloses notice to creditors published in 1929.
Affirmed.

PARKER, J., took no part in the consideration or decision of this case.