CALDWELL LAND AND LUMBER COMPANY v. J. C. L. HAYES
ET AL.

(Filed 6 December, 1911.)

1. Nonsuit—New Action—Twelve Months—Limitation of Actions.

The provision of Revisal, sec. 370, that after nonsuit the plaintiff may commence a new action on the same subject-matter within twelve months was not intended to abridge the time within which actions of that character may be brought, but to extend it.

2. Same—Trespass—Timber Trees.

In an action for damages for trespass and cutting timber trees, the action may be again commenced more than twelve months after judgment of nonsuit if not otherwise barred by the statute of limitations applicable. *Meekins v. R. R.,* 131 N. C., 1; *Trull v. R. R.,* 151 N. C., 547, cited and distinguished.

3. Trespass—Timber Trees—Double Damages—Certain Counties—Interpretation of Statutes.

In order to recover double damages for trespass and the unlawful cutting of timber trees in certain counties, Laws of 1907, ch. 320, the act complained of must come within the meaning of the words therein employed, *i. e.,* "without the consent of the owner (of the lands), with intent to convert to his (the trespasser's) own use," which means an intent to deprive the owner

of the use, and to appropriate to the use of the taker, and was intended to cover a trespass where there was no *bona fide* claim of right, committed under circumstances indicating a purpose to prevent the true owner from asserting his right.

**4. Same—Special Pleas.**

It is not necessary to specially plead the Laws of 1907, ch. 320, or refer to it in the complaint, when the act of the trespass and unlawful cutting of timber entitles the one upon whose lands the trespass is committed in the counties therein named to recover double the amount of the damages proved.

**5. Verdict — Judgment — Extent of Error Ascertained — Supreme Court—Procedure.**

Where under an erroneous instruction the jury has awarded double the amount of the damages actually sustained by the plaintiff in an action of trespass and unlawful cutting of. timber trees in the counties specified in the Laws of 1907, ch. 320, and it can readily be ascertained from the verdict what sum is properly recoverable, the correction will be made in the Supreme Court without granting a new trial.

APPEAL from *Biggs, J.,* at March Term, 1911, of MECKLEN-BURG.

The plaintiff instituted two actions against the defendant.

In the complaint in the first it alleges that it is the owner in fee of a certain tract of land; that the defendant has unlawfully entered on a part thereof, under some pretended claim of title, which is void, and has cut timber thereon to its damage $300, and it demands that it be declared the owner of the land and recover $300 damages and costs.

In the second, the allegations are in substance as those contained in the first complaint, except another entry and trespass are alleged and the damage is laid at $1,500.

These actions were consolidated by consent.

The material allegations of the complaint were denied by the defendant.

On the trial, the plaintiff introduced Grant No. 951, from the State to G. N. Folk, dated December, 1874, calling for 640 acres of land, more or less, which grant was duly recorded in the register's office in Caldwell County, and then introduced a regular chain of title from this grant down to the plaintiff, there being no exception to plaintiff's title papers.

Plaintiff also introduced evidence locating the land covered by its grant and other title papers and evidence as to the defendant's cutting timber within the boundaries of plaintiff's title, claiming that in 1906 defendant cut about 26,000 feet of timber, and in 1907 about 48,000 feet, and in 1910 and 1911 about 51,340 feet, the total of the timber so cut amounting to about 125,340 feet, and that the damage was about $700 or $800.

The defendant introduced a grant from the State to himself, dated 30 August, 1905, and registered in Caldwell County, in Book 43, page 59, said grant being for 50 acres of land, and evidence locating said grant, which location showed that it was within the boundary of plaintiff's grant and title. Defendant also introduced evidence tending to show that the amount of timber cut by him from the land within the boundary of his grant, which was within the boundaries of plaintiff's title, was less than was claimed by plaintiff, and that the damage to plaintiff, if plaintiff was entitled to recover, would not exceed $130 to $150. Defendant further introduced in evidence the entire record in the case of the *Caldwell Land and Lumber Company v. J. C. L. Hayes,* consisting of the summons, prosecution bond thereon, together with the service and return thereon, the complaint and answer filed in the case, and the judgment of nonsuit taken by plaintiff in this case, the summons being dated 22 May, 1906, and the judgment of nonsuit taken at January Special Term of the Superior Court of Caldwell County, 1907, and then introduced the summons for relief, the basis of this action, together with the bond attached thereto, the service and return thereon, said summons being dated 13 November, 1908, and then introduced the complaint and answer in this case, showing that the causes of action were substantially the same in the several actions.

The defendant, at the conclusion of the evidence, moved the court to dismiss the plaintiff's cause of action, upon the ground that the same could not be maintained for that the plaintiff began an action on 22 May, 1906, in which it filed a complaint for the same cause of action now sued upon, and that at January Special Term, 1907, of Caldwell Superior Court, said plaintiff took a voluntary nonsuit, as appears from the judgment ren-

dered in said cause; that in the complaints filed in the respective actions the same land is described and set forth and the same relief is asked, and that as more than twelve months have elapsed since the nonsuit was entered in the first-mentioned action up to the time the present action was begun, to wit, about twenty-two months, all of which is shown by the records offered in evidence, that the present action is barred by the statute limiting the time in which a new action may be begun after a nonsuit has been entered, and that therefore the court should so hold and dismiss plaintiff's action.

The court denied the defendant's motion and held that the present action was not barred by the statute of limitations referred to, and declined to dismiss plaintiff's action, and defendant excepted.

The defendant then, through his attorney, stated in open court that under his Honor's ruling declining to hold that plaintiff's action was barred and dismiss the same, that defendant would not contest before the jury the first and second issues submitted, as defendant, since plaintiff had introduced its title and evidence of location of the land, would not ask the jury to find that plaintiff has not located the land as claimed, but that defendant up to the conclusion of plaintiff's evidence of location had in good faith contested such, and that the only issue defendant desired to be heard upon was that as to damage.

All of the trespasses complained of occurred within three years prior to the commencement of this action.

His Honor, in his charge on the issue of damage, among other things, said: "That after you determine what amount of damage the plaintiff has sustained, if you find that the plaintiff has sustained damage, by reason of the timber cutting of the defendants prior to 23 February, 1907 (the date of the ratification of chapter 320, Public Laws of 1907), then you will proceed to determine what actual damages the plaintiff has sustained by the cutting of timber since that date, if you find that it has sustained any. If you shall find that the defendants have cut, felled, or removed any timber trees growing upon lands that you find to be plaintiff's, without the consent of the plaintiff and with the intent to convert the same to their own use, then you

will double the actual damages which you find that plaintiff has sustained, if any, by cutting of timber since 23 February, 1907, by defendants, and such sum, added to the amount of actual damage sustained by plaintiff by reason of timber cutting by defendants prior to the said 23 February, 1907, if you find that plaintiff sustained such damage prior to that date, will be your answer to the issue," and the defendant excepted.

The jury rendered the following verdict:

1. Is the plaintiff the owner of the lands described in the complaint? Answer: Yes.

2. Has the defendant trespassed upon the said lands by cutting and removing timber therefrom? Answer: Yes.

3. What damage, if any, is plaintiff entitled to recover? Answer: $353.36.

| | |
|---|---:|
| 51,340 feet at $4, double damage | $205.36 |
| 26,000 feet at $2 | 52.00 |
| 48,000 left in woods at $2 | 96.00 |
| | $353.36 |

Judgment was rendered thereon, adjudging that the plaintiff was the owner of the land in Grant No. 951 to G. N. Folk, and that it recover $353.36 damages and costs.

The defendant excepted and appealed.

*W. C. Newland and Mark Squires for plaintiff.*
*M. N. Harshaw and Councill & Yount for defendant.*

ALLEN, J. It is admitted that the trespasses complained of occurred within three years prior to the commencement of this action, and that the plaintiff may recover damages therefor, unless a recovery is prevented by the fact that this action was not instituted within twelve months after a judgment of nonsuit in another action between the same parties, on the same cause of action.

The defendant relies on section 370 of the Revisal, providing that a new action may be commenced within twelve months after judgment of nonsuit, and insists that it is a limitation on the right of action; but it was expressly held otherwise in *Keener v.*

*Goodson,* 89 N. C., 279, the Court there saying: "The statute allowing actions to be brought within a year after judgment of nonsuit was intended to extend the period of limitations, but not to abridge it."

It is true that expressions may be found in *Meekins v. R. R.,* 131 N. C., 1, and in *Trull v. R. R.,* 151 N. C., 547, which, if considered without reference to the facts, might be understood to recognize a different rule, but there is no conflict between the cases.

In the *Meekins* and *Trull cases* the actions were brought to recover damages for the death of one alleged to have been killed negligently, and the defendant was contending that the right to bring such an action was conferred by statute; that it could only be brought within twelve months from death; that this was not a statute of limitations, but a condition affecting the cause of action itself, and, therefore, the section allowing a new action to be brought within twelve months after judgment of nonsuit did not apply to such action, and it was held that it applied to all actions.

There was no error in refusing to dismiss the action.

The second exception is to the charge of his Honor on the issue of damages.

The charge, if justified by the allegations of the complaint and the evidence, is authorized under chapter 320, Laws of 1907, which is applicable only to the counties of Caldwell, Wilkes, Watauga, Burke, McDowell, Yadkin, Cherokee, and Mitchell, and in which it is provided:

"SEC. 2. That in all cases where any person, firm, or corporation, their agents or employees, shall cut, fell, or remove any timber trees growing upon the lands of another without the consent of the owner thereof, with intent to convert to his own use; he, she, or they so offending shall be liable to pay to such owner double the value of such timber trees so cut down or felled, to be recovered in civil action to be brought therefor."

We do not think, however, that the complaint was framed under this statute, or that there was evidence which entitled the plaintiff to recover double damages.

We do not hold that it is necessary to refer to the statute in the complaint, or that the relief demanded controls the amount of the recovery, but we cannot treat as meaningless the words, "without the consent of the owner thereof, with intent to convert to his own use," upon which rests the right to recover double damages.

In the absence of the statute, the plaintiff was entitled to recover actual damages for an unlawful entry and trespass, and it must have been intended that something more than this should be alleged and proven to entitle one to double damages.

The language approaches closely to the definition of felonious intent in larceny, which is the intent to deprive the owner of the use, and to appropriate to the use of the taker, and was intended to cover a trespass where there is no *bona fide* claim of right, committed under circumstances indicating a purpose to prevent the true owner from asserting his right.

The complaint alleges no more than an unlawful entry and trespass and the evidence goes no further than the allegations of the complaint, and there was evidence that the defendant claimed under a grant from the State.

This being our construction of the statute, we must hold that neither the cause of action set out in the complaint nor the evidence introduced to support it entitled the plaintiff to recover double damages, and that the charge was, therefore, erroneous.

This would entitle the defendant to a new trial, if the answer to the issue was not so framed that the amount of the double damages may be eliminated, and the plaintiff's counsel requested that this be done, if it should be held that there was error in the charge.

The amount is ascertained by deducting from the total of damages, $353.36, one-half of the first item of $205.36, which will leave a balance of $250.68, upon which the plaintiff will be entitled to interest from the first day of May Term, 1911, of the Superior Court of Caldwell County.

The judgment rendered will be modified in accordance with this opinion, and as modified, is affirmed. Cost to be divided.

Modified and affirmed.