J. M. SUMMERS v. THE SOUTHERN RAILWAY COMPANY ET AL.

(Filed 18 April, 1917.)

**Limitation of Actions—Nonsuit—Payment of Costs—Second Action.**

Revisal, sec. 370, is an extension of time beyond that allowed by the general statute, in the instances stated, including nonsuit, and the amendment in the laws of 1915 (Greg. Rev., Biennial, 1915, p. 350) requiring the payment of costs has no application when the second action has been brought within the time permitted by the general law.

CIVIL ACTION, tried before *Webb, J.,* and a jury, at November Term, 1916, of DAVIDSON.

On motion of defendant, there was judgment dismissing the action, and plaintiff, having duly excepted, appealed.

*George W. Garland for plaintiff.*
*Linn and Linn for defendant.*

HOKE, J.   On the hearing it was properly made to appear that in the spring of 1914 plaintiff, having given bond for costs, instituted an action against the North Carolina Midland Railway, a corporation said to be owned, controlled, and operated by the present company, to recover damages for an alleged injury occurring in January of that year when plaintiff was a passenger on said road; that at July Term, 1916, of Superior Court for said county cause came on for trial, and, both sides having introduced their evidence, there was judgment of nonsuit against the plaintiff, including a judgment for costs to the amount of $268; that in September, 1916, plaintiff instituted this action against the present defendant to recover for the same injury without having paid the costs adjudged against him, and his Honor, as stated, gave judgment dismissing the action for the reason that the costs adjudged against plaintiff in the former suit had not been paid.

It is not required to examine into or decide the question whether the present action is the same as that in which the nonsuit was taken, for if this be conceded we are of opinion that under our decisions construing the statutes applicable to and controlling the subject the judgment dismissing the present suit cannot be sustained.   In our statute of limitations, Revisal 1905, sec. 370, it is enacted: "That if an action shall be commenced within the time prescribed therefor and the plaintiff be nonsuited or a judgment therein be reversed on appeal or be arrested, the plaintiff or, if he die and the cause of action survive, his heir or representative may commence a new action within one year after such nonsuit, reversal or arrest of judgment.   In Laws 1915, ch. 211, Gregory's Revisal, Biennial 1915, p. 350, a proviso was annexed to the section as follows: "*Provided,* that the costs in such action shall have been paid before the commencement of the new suit unless said first suit shall have been brought *in forma pauperis.*"   It will be noted that this section in question and the amendment thereto are a part of our statute of limitations, and in well considered cases construing the section prior to the amendment it was held that it was not the purpose or meaning of the law to curtail or abridge the time within which an action might be brought, but to extend it.   *Lumber Co. v. Hayes,* 157

N. C., 333; and construing the section as amended, it has been recently held in *Bradshaw v. Bank,* 172 N. C., 632, that when both suits, as in this case, are brought within the time allowed by the general law, neither the section in question nor the amendment thereto requiring the prepayment of costs, applied for in such case, it was not necessary to resort to it, nor could plaintiff be properly considered as proceeding under it, but, under the provisions of the general statute, establishing the time within which these actions should be brought.

In our opinion, *Bradshaw's case* is decisive of the present appeal, and the judgment dismissing the action must be

Reversed.