JOSEPH B. CHESHIRE, JR., ANCILLIARY ADMINISTRATOR OF THE ESTATE OF WENDELL EUGENE MALIN, JR., DECEASED v. BENSEN AIRCRAFT CORPORATION, A NORTH CAROLINA CORPORATION, AND IGOR B. BENSEN

No. 7210SC668

(Filed 20 December 1972)

1. Judgments § 40; Limitation of Actions § 12; Rules of Civil Procedure § 41— voluntary dismissal of action — institution of new action — failure to pay costs of first action

Where an order of voluntary dismissal without prejudice was entered in plaintiff's original action against defendant, a second action filed by plaintiff based on the same claim was properly dismissed where it was instituted before the costs in the original action were paid and after the statute of limitations had run. G.S. 1A-1, Rule 41(d).

2. Judgments § 40; Limitation of Actions § 12; Rules of Civil Procedure §§ 6, 60— voluntary dismissal — commencement of new action — payment of costs of first action

Neither Rule 6(b) nor Rule 60(b) gives the court authority to amend an order of voluntary dismissal to allow plaintiff to pay the costs of the action after a second action based on the same claim has been commenced.

APPEAL by plaintiff from *Braswell, Judge,* 15 May 1972 Session, Superior Court, WAKE County.

On 16 June 1970, plaintiff instituted a wrongful death action in Superior Court against the defendant. That action was

Cheshire v. Aircraft Corp.

designated as 70CVS3617. The action came on for trial at the 10 April 1972 Civil Session of Superior Court. During the course of the trial and before plaintiff rested his case, he elected to take a voluntary dismissal. An order granting plaintiff's motion was entered on 17 April 1972 taxing the costs against plaintiff and permitting plaintiff to file a new action at any time on or before 21 April 1972. The order was consented to by plaintiff and his counsel of record. On 18 April 1972, plaintiff commenced a new action against defendant based upon the same claim. The costs in the amount of $435.40 in case No. 70CVS3617 were not paid by plaintiff at the time the new action was begun. On 26 April 1972, defendants in writing moved for dismissal of the second action (designated as 72CVS3230) because the costs had not been paid in the first action. On 8 May 1972, plaintiff in writing moved (a) "[t]hat the Court find that this matter comes within the doctrine of mistake, inadvertence or excusable neglect" and (b) "[t]hat the Court enter an order *nunc pro tunc* amending the 'Voluntary Dismissal Without Prejudice' entered under date of April 17, 1972, by changing the last line of said 'Voluntary Dismissal Without Prejudice' to read as follows: 'The costs of this action shall be taxed against the plaintiff and shall be paid by the plaintiff on or before the _____ day of _____, 1972,' inserting such date as the Court may deem to be appropriate." The costs were paid by plaintiff on 27 April 1972.

The court heard the matter on the motions filed by the respective parties, the written responses to the motions, the affidavits, exhibits, briefs, and arguments of counsel. The order entered found the facts and contained the following conclusions of law:

"(1) That the order of voluntary dismissal without prejudice entered by the court in the claim designated as 70 CVS 3617 on April 17, 1972, contained no mistake, was not erroneous, and therefore is not subject to modification, correction or to be set aside.

(2) That the language of Rule 41(d) of the North Carolina Rules of Civil Procedure is mandatory, and that the court has no discretionary authority to relieve the plaintiff of the obligation imposed by said rule.

(3) That the motion of the defendants for dismissal filed in 70 CVS 3617 on April 26, 1972, is proper and should be allowed.

(4) That the court has no discretionary authority to modify or amend the consent order of voluntary dismissal without prejudice entered by the court in 70 CVS 3617 on April 17, 1972.

(5) That Rule 6(B) of the North Carolina Rules of Civil Procedure is not applicable to this fact situation.

(6) That Rule 60(b) of the North Carolina Rules of Civil Procedure is not applicable to this fact situation.

(7) That the new action, designated 72 CVS 3230, should be dismissed.

No finding of fact or conclusion of law is made by the court as to excusable neglect inasmuch as the court is of the opinion that Rule 41(d) is mandatory, and that it has no discretion to allow plaintiff's motion regardless of whether the neglect was excusable."

Defendant's motion was granted and plaintiff's motion was denied. Plaintiff excepted to each of the conclusions of law and to the entry of the judgment and appealed.

*Harris, Poe, Cheshire and Leager, by Charles A. Poe, and Paulson and Humphreys, by Richard S. Paulson, for plaintiff appellant.*

*Smith, Anderson, Blount and Mitchell, by James D. Blount, Jr., and Samuel G. Thompson, for defendant appellees.*

*Purrington and Purrington, by A. L. Purrington, Jr., for defendant appellee Igor B. Bensen.*

MORRIS, Judge.

[1]   Defendants based their motion to dismiss on G.S. 1A-1, Rule 41(d) which provides:

"(d) *Costs.*—A plaintiff who dismisses an action or claim under section (a) of this rule shall be taxed with the costs of the action unless the action was brought in forma pauperis. If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant before the payment of the costs of the action previously dismissed, unless such previous action was brought in forma pauperis, the court, upon motion of the defendant, shall dismiss the action."

---

Cheshire v. Aircraft Corp.

---

Plaintiff on the other hand urges that, as set out in his motion, G.S. 1A-1, Rule 41(d) must be read and considered *in pari materia* with G.S. 1A-1, Rule 6(b) which provides:

> "(b) *Enlargement.*—When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order. Upon motion made after the expiration of the specified period, the judge may permit the act to be done where the failure to act was the result of excusable neglect. Notwithstanding any other provisions of this rule, the parties may enter into binding stipulations without approval of the court enlarging the time, not to exceed in the aggregate 30 days, within which an act is required or allowed to be done under these rules, provided, however, that neither the court nor the parties may extend the time for taking any action under Rules 50(b), 52, 59(b), (d), (e), 60(b), except to the extent and under the conditions stated in them."

Counsel for plaintiff filed an affidavit in support of plaintiff's motion in which he stated that until defendants' motion for dismissal was filed he was "not advertent to the fact that subsection (d) of Rule 41 requires payment of the costs of the former action prior to the filing of the new complaint." He also stated that shortly before the trial of the action, he had been seriously ill and had undergone major surgery and that he was, at the time of the trial and at the time of the preparation of the order of voluntary dismissal and the complaint in the new action, taking medication prescribed by his physician which he now realizes gave him a false sense of well-being and actually made it difficult for him to concentrate, to think clearly, or to pay careful attention to details. This effect of the medication was attested to by his physician. Counsel further stated that although other members of his firm and associate counsel took a more active part in the trial than he, because of his illness, he did assume the responsibility of preparing the order and the new complaint.

Prior to the adoption of the new Rules of Civil Procedure, N.C.G.S. 1-25 applied to this situation. It provided:

"If an action is commenced within the time prescribed therefor, and the plaintiff is nonsuited, or a judgment therein reversed on appeal, or is arrested, the plaintiff or, if he dies and the cause of action survives, his heir or representative may commence a new action within one year after such nonsuit, reversal, or arrest of judgment, if the costs in the original action have been paid by the plaintiff before the commencement of the new suit, unless the original suit was brought in forma pauperis."

In *Nowell v. Hamilton*, 249 N.C. 523, 107 S.E. 2d 112 (1959), plaintiff was nonsuited in her first action and brought a new action under the provisions of G.S. 1-25. She failed, however, to pay the costs in the first action. Except for the provisions of the statute, the second action would have been barred by the statute of limitations. The Court noted that even though the cause of action might be otherwise barred, G.S. 1-25 permitted a plaintiff who has been nonsuited to bring another action upon the same claim. However, the Court also pointed out that the statute annexed two conditions to the right to bring the second action: (1) The new suit must be brought within one year from the nonsuit, and (2) plaintiff *must* pay the costs awarded against her in the prior action if she did not sue as a pauper. This the plaintiff had admittedly failed to do. The Court held that since plaintiff had not complied with the conditions, she could not claim the protection of the statute, citing several prior cases.

See also *Bradshaw v. Bank*, 172 N.C. 632, 90 S.E. 789 (1916). There the Court said that the payment of costs was a condition precedent to the bringing of the second action only where the statute of limitation had run before the institution of the second action. The Court was construing the 1915 amendment to Revisal, § 370, which added the proviso *"Provided,* that the costs in such action shall have been paid by the plaintiff before the commencement of the new suit, unless said first suit shall have been brought in *forma pauperis."* Chief Justice Clark concurred in the result but wrote a separate opinion in which he stated that unless the proviso had the effect of restricting the right to bring a new action within one year after nonsuit there was no purpose in its passage. He was of the opinion that payment of costs in the first action was a mandatory condition precedent to maintaining the second action. The majority was followed in *Summers v. R. R.,* 173 N.C. 398, 92 S.E. 160 (1917),

where the Supreme Court reversed the judgment of the trial court dismissing the second action brought within the time limited by the statute of limitations because plaintiff had failed to pay the costs; and *Rankin v. Oates,* 183 N.C. 517, 112 S.E. 32 (1922), where dismissal was affirmed in a situation where the costs had not been paid and the statute of limitations had run.

Plaintiff could not come within this construction of G.S. 1-25 because at the time of the institution of the new action, the causes of action had been barred by applicable statutes of limitation. G.S. 1-25 was repealed by the General Assembly in 1967 effective 1 January 1970. G.S. 1A-1, Rule 41, became effective 1 January 1970. The provision for dismissal upon failure to pay costs has no counterpart in the Federal Rules. The provision in our rules is couched in unambiguous mandatory language: ". . . If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant *before the payment of the costs of the action previously dismissed,* unless such previous action was brought in forma pauperis, *the court, upon motion of the defendant,* shall *dismiss the action.*" (Emphasis supplied.) The rule was discussed and applied in *Galligan v. Smith,* 14 N.C. App. 220, 188 S.E. 2d 31 (1972). The question of whether the second action was barred by the statute of limitations was not raised. The costs in the first action had not been paid. Plaintiff contended that diligent effort had been made to ascertain the costs. The Court concluded that the plaintiff did not make any reasonable diligent effort to pay the costs of the first action prior to institution of the second. This Court held that there were sufficient facts found (based on competent evidence) to support the conclusion and that the court properly dismissed the second action on defendant's motion.

In the case before us, the clerk sent plaintiff's counsel the bill of costs on the date the judgment of voluntary dismissal was entered.

In our view the language of the rule constitutes a mandatory directive to the court.

[2]   Nor do we find any help for plaintiff in G.S. 1A-1, Rule 6(b). G.S. 1-152, in effect until the new rules became effective on 1 January 1970, provided: "The judge may likewise, in his discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited, or by an order may enlarge the time." New Rule 6(b)

replaced old G.S. 1-152. We are of the opinion that Rule 6(b) is applicable to enlargement of time for filing pleadings, motions, interrogatories, the taking of depositions, etc. It was not intended to have the effect of giving the court the discretion to amend a final order entered under the mandatory directive of statute. That the rule was not intended to be applied as plaintiff suggests is, we think, apparent from the rule itself. It gives the court discretionary authority to enlarge the time required for something to be done by the rules or a notice given under the rules or order of court. This discretion can be exercised upon request prior to expiration of the time or upon motion after expiration of the time where the failure to act within the time prescribed was the result of excusable neglect. The rule, however, specifically provides that "neither the court nor the parties may extend the time for taking any action under Rules 50(b), 52, 59(b), (d), (e), 60(b) except to the extent and under the conditions stated in them." All of these rules have to do with the time within which a motion can be made for action which would affect a judgment entered or findings of fact in a judgment entered. Obviously the intent was to proscribe the very thing plaintiff wishes done. The rule was not intended to be applied for the purpose of amending a judgment entered.

Plaintiff further urges that G.S. 1A-1, Rule 60(b), is applicable. That rule is entitled "Relief From Judgment or Order." It provides for the correction of clerical mistakes and for relief from judgments on the grounds of mistake, surprise, inadvertence, or excusable neglect; newly discovered evidence; fraud; a void judgment; a judgment which has been satisfied, released, or discharged; or any other reason justifying relief from the operation of the judgment. Here the judgment was entered as drafted by plaintiff's counsel and permitted plaintiff to file a new action on or before 21 April. This plaintiff did. Obviously the relief plaintiff seeks is relief from the operation of G.S. 1A-1, Rule 41(d). Although our sympathies may be with plaintiff and his thoroughly competent and reputable counsel, we are unable to find the relief he seeks in the rules.

We find no error in the judgment entered.

Affirmed.

Judges CAMPBELL and PARKER concur.