JUNE P. WHITEHURST v. VIRGINIA DARE TRANSPORTATION COMPANY, INCORPORATED AND CAROLINA COACH COMPANY

No. 731SC286

(Filed 12 September 1973)

1. **Carriers § 19— injury to bus passenger — leased bus — rights between owner and carrier — retrial**

    Action to recover for injuries received by a passenger on a bus leased by defendant common carrier from defendant owner when the bus left the highway and struck a culvert is remanded to the superior court for a retrial as to the relative rights between the carrier and the owner in accordance with the rules of law stated in *Mann v. Transportation Co.*, 283 N.C. 734, an action by other passengers to recover for injuries received in the same accident.

2. **Limitation of Actions § 12; Rules of Civil Procedure § 41—dismissal without prejudice — statute allowing new action within one year — action commenced after one year — statute of limitations not expired**

    The provision of G.S. 1A-1, Rule 41(a)(1), permitting a new action to be commenced within one year after a dismissal without prejudice of an action based on the same claim is an extension of time beyond the statute of limitations and does not limit the time for bringing a new action to one year if the statute of limitations applicable to the action has not expired.

APPEAL by Virginia Dare Transportation Company from *Cowper, Judge,* 23 October 1972, Civil Session, PASQUOTANK Superior Court.

This is a civil action for personal injuries instituted by June P. Whitehurst. On 17 September 1968, she was a paying passenger on a bus owned by the defendant, Carolina Coach Company (Coach Company) and operated by the defendant Virginia Dare Transportation Company (Transportation Company)

under a lease arrangement when the bus was involved in a single vehicle accident. Plaintiff alleges that the accident was caused by the joint negligence of Transportation Company in the driving of the bus by its employee and by mechanical failure of the bus due to the negligence of Coach Company in maintenance of the bus.

At the close of the plaintiff's evidence, a motion for a directed verdict in favor of Coach Company was sustained as to plaintiff. Plaintiff did not appeal.

Transportation Company introduced evidence as to its version of the accident in the principal action and on its cross action against Coach Company seeking either indemnification or contribution from Coach Company. At the close of that evidence the motion of Coach Company for a directed verdict was sustained as to Transportation Company. From this result, Transportation Company appealed.

The case was submitted to the jury as between plaintiff and Transportation Company. The jury answered the issues in favor of the plaintiff and awarded damages in the sum of $30,206.09. From a judgment in accordance with the verdict, Transportation Company appealed.

*Twiford, Abbot & Seawell by Christopher L. Seawell for plaintiff appellee.*

*J. Kenyon Wilson, Jr.; and White, Hall & Mullen by Gerald F. White and John H. Hall, Jr., for defendant appellant, Virginia Dare Transportation Company, Incorporated.*

*James, Speight, Watson & Brewer by W. W. Speight and William C. Brewer, Jr.; and Allen, Steed and Pullen, by Arch T. Allen III for defendant appellee, Carolina Coach Company.*

CAMPBELL, Judge.

Other passengers on the bus at the time instituted similar actions for their personal injuries in Dare County. These actions were consolidated for trial and are entitled *Pernell R. Mann v. Virginia Dare Transportation Company, Inc. and Carolina Coach Company* and *Sally Baum Tillett v. Virginia Dare Transportation Company, Inc. and Carolina Coach Company.* They are reported in 283 N.C. 734, 198 S.E. 2d 558 (1973). The facts in the *Mann* and *Tillett* cases are sufficiently similar to the facts in the intsant case that they will not be repeated but simply refer-

red to. The plaintiff in the instant case was asleep at the time of the accident and gave no testimony as to how the accident occurred.

Pernell Mann in this case testified on behalf of the plaintiff as to how the accident occurred. Her testimony in the instant case varied somewhat from her previous testimony in that she was quite definite to the effect that the driver of the bus did not attempt to turn the bus to the left until after it had hit something in the ditch, her testimony being:

> ". . . Before the bus hit the ditch I saw him trying to turn the wheel—no, after he hit the ditch he started pulling—after he hit the ditch he started pulling the steering wheel, tried to pull the bus back on the road. The bus did not come back on the road after it hit the ditch. It kept on down that shoulder. . . ."

And on cross-examination she testified:

> "The accident happened at a curve that was bearing to the left the way we were going. It was a gradual curve, not a sharp curve, but a gradual curve. And the bus gradually went to the ditch after it left the paved surface, yes. The driver turned the steering wheel after the accident took place. I mean after the accident took place, after it left the road. After he left the road he hit something, and he tried to turn it back on the road. He turned the steering wheel, I don't know whether it went to the left or not. He turned the steering wheel—I know he turned the steering wheel to the left. But the bus didn't go to the left. . . ."

Thus, the witness Mann did not corroborate the bus driver as she had done on the previous trial of her own case as pointed out in the opinion of Justice Sharp.

[1] Despite this slight variance in the testimony, we nevertheless feel that the decision of Justice Sharp is controlling in this case as to the dispute between the two companies. We therefore refer to the opinion of Justice Sharp in the *Mann* and *Tillett* cases.

There are other features of this case, however, which are dissimilar and not controlled by the opinion of Justice Sharp in the *Mann* and *Tillett* cases. We will discuss these features.

Plaintiff filed her original action on 11 September 1969, and on 15 May 1970 filed notice of voluntary dismissal without prejudice under G.S. 1A-1, Rule 41(a)(1). The complaint in the case at bar was filed on 29 June 1971, more than one year after the voluntary dismissal previously taken but within the three-year statute of limitations from the date of the accident.

Transportation Company moved for summary judgment under G.S. 1A-1, Rule 56, because of the lapse of time between the voluntary dismissal and the new action. This motion was denied and is the subject of an exception and an assignment of error.

In support of its motion for summary judgment Transportation Company relies upon Rule 41(a)(1) which reads in part:

".  .  . If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced *within one year after such dismissal.  .  . .*" (Emphasis added.)

The above provision is not the major accomplishment of Rule 41(a)(1) however. With respect to "voluntary nonsuit" North Carolina followed the common law practice that a plaintiff could abandon his action without losing the right to relitigate at any time before verdict. The major thrust of Rule 41(a)(1) is to limit the time within which a plaintiff has the absolute right to dismiss his action without prejudice, which period is now any time before he rests his case. The provision for bringing a new action came from G.S. 1-25, repealed upon adoption of the new Rules of Civil Procedure.

The pertinent part of G.S. 1-25 provided:

"If an action is commenced within the time prescribed therefor, and the plaintiff is nonsuited, .  .  . the plaintiff .  .  . *may commence a new action within one year after such nonsuit.  .  . .*" (Emphasis added.)

[2] It was the opinion of writers at the time of the adoption of Rule 41 that the provisions of that rule follow G.S. 1-25 without change, and the wording of the rule would so indicate. See Sizemore, General Scope and Philosophy of the New Rules, 5 Wake Forest Intra. L. Rev. 1 (1969). Professor Sizemore was a member of the drafting committee for the North Carolina Rules of Civil Procedure. See also, Smith, Trial Under the New Rules, 5 Wake Forest Intra. L. Rev. 138 (1969); McIntosh,

N. C. Practice and Procedure, § 1647 (Phillips Supp. 1970). The key words of G.S. 1-25 and Rule 41 on relitigation are the same: The plaintiff may commence a new action "within one year after such dismissal (nonsuit)." These words do not mean what Transportation Company ascribes to them. It has long been held that G.S. 1-25 did not apply when the party would not otherwise be barred from his right of action by the lapse of time prescribed by the statute of limitation relating to the cause of action. *Lumber Co. v. Hayes*, 157 N.C. 333, 72 S.E. 1078 (1911); *Grimes v. Andrews*, 170 N.C. 515, 87 S.E. 341 (1915); *Bradshaw v. Bank*, 172 N.C. 632, 90 S.E. 789 (1916); *Summers v. R. R.*, 173 N.C. 398, 92 S.E. 160 (1917); *Van Kempen v. Latham*, 201 N.C. 505, 160 S.E. 759 (1931). When the General Assembly adopted the provisions of G.S. 1-25 into Rule 41(a) (1), it is our opinion that it adopted also that body of case law interpreting G.S. 1-25, the effect being that it is an extension of time beyond the general statute of limitation rather than a restriction upon the general statute of limitation. In other words, a party always has the time limit prescribed by the general statute of limitation and in addition thereto they get the one year provided in Rule 41(a) (1). But Rule 41(a) (1) shall not be used to limit the time to one year if the general statute of limitation has not expired. This assignment of error of Transportation Company is denied.

Transportation Company also assigned as error several portions of the charge of the trial judge. We have reviewed each of these assignments of error and find them to be without merit. The charge, when read in context and as a whole, is free from prejudicial error in our opinion.

We therefore affirm that portion of the judgment which awarded damages to the plaintiff against Transportation Company.

We remand to the Superior Court of Pasquotank County for a retrial as to the relative rights between Transportation Company and Coach Company in accordance with the rules of law stated in the opinion of Sharp, J., in the *Mann* and *Tillett* cases.

Affirmed in part.

Reversed and remanded in part.

Judges PARKER and VAUGHN concur.