CHARLES E. SANFORD v. STARLITE DISCO, INC., D/B/A STARLITE DISCO

No. 8330SC178

(Filed 7 February 1984)

**Rules of Civil Procedure § 41.1— voluntary dismissal of action—new action—failure to pay costs of first action in apt time**

Where plaintiff voluntarily dismissed his original action against defendant without prejudice pursuant to G.S. 1A-1, Rule 41(a)(1), a second action filed by plaintiff based on the same claim was properly dismissed for failure of plaintiff to pay the costs of the first action within 30 days after an order directing plaintiff to pay such costs without consideration by the court of alleged excusable neglect by plaintiff as an explanation for his late payment of the costs. G.S. 1A-1, Rule 41(d).

APPEAL by plaintiff from *Howell, Judge*. Order entered 5 September 1982 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 18 January 1984.

In 1979 plaintiff instituted a civil action for personal injuries against defendant. Prior to trial, plaintiff voluntarily dismissed the action, without prejudice, pursuant to Rule 41(a)(1) of the North Carolina Rules of Civil Procedure. In December 1981, plaintiff reinstituted the civil action against defendant. In its answer, defendant included a request that the court order the plaintiff pursuant to Rule 41(d) of the North Carolina Rules of Civil Procedure to pay the costs assessed in the earlier action. On 13 May

1982, the court ordered the plaintiff to pay the costs assessed in the first action. Plaintiff did not pay these costs until 7 July 1982. On 21 June 1982, defendant filed a motion to dismiss the second action pursuant to Rule 41(d) for the failure of the plaintiff to pay the costs as ordered. On 5 September 1982, the court entered an order dismissing the second action for the failure of the plaintiff to pay the costs of the first action within 30 days of the 13 May 1982 order as required by Rule 41(d). From the order of dismissal, plaintiff appealed.

*Frank G. Queen for plaintiff appellant.*

*Alley, Killian and Kersten, by Leon M. Killian, III; and Harrell and Leake, by Larry B. Leake, for defendant appellee.*

WEBB, Judge.

G.S. 1A-1, Rule 41(d) of the North Carolina Rules of Civil Procedure provides as follows in pertinent part:

> "(d) . . . If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant before the payment of the costs of the action previously dismissed, . . . the court, upon motion of the defendant, shall make an order for the payment of such costs by the plaintiff within 30 days and shall stay the proceedings in the action until the plaintiff has complied with the order. If the plaintiff does not comply with the order, the court shall dismiss the action."

This section of Rule 41 was amended in 1979 to provide for the 30-day period before dismissal of an action. Prior to amendment, the rule provided for summary dismissal of a second action brought before the payment of the costs in a first action.

Plaintiff contends the 30-day provision in Rule 41(d) should be read in conjunction with Rule 6(b) of the North Carolina Rules of Civil Procedure which provides for an enlargement of the time within which to take a given action, and that the court erred in not considering plaintiff's alleged excusable neglect as an explanation for his late payment of the costs. We disagree.

This Court held, in interpreting Rule 41(d) prior to its amendment, that the language of the rule constituted a mandatory

directive. *See Cheshire v. Aircraft Corp.*, 17 N.C. App. 74, 193 S.E. 2d 362 (1972). The 1979 amendment served only to add a 30-day grace period within which the plaintiff could pay the costs assessed and avoid summary dismissal. The language of the rule directing that the court *"shall* dismiss the action" (emphasis added) if the costs assessed have not been paid remains the same, thus the rule as amended still constitutes a mandatory directive. For this reason, we hold that the trial court properly enforced the mandatory provisions of Rule 41(d) when it entered the order dismissing the plaintiff's second action.

Affirmed.

Chief Judge VAUGHN and Judge JOHNSON concur.