ANGELA MONIQUE WELCH, Plaintiff v. CORRIE LUMPKIN, INTERSTATE COMPANY POLICE, INCORPORATED RONNIE L. DELAPP, RCD PRODUCTIONS, LLC, Defendants

No. COA08-1424

(Filed 1 September 2009)

**1. Costs— timeliness of payment—Rules 6(b) and 41(d) not read in conjunction to extend time period**

N.C.G.S. § 1A-1, Rule 6(b) may not be read in conjunction with Rule 41(d) to allow parties to stipulate to an extension of the 30-day time period to pay costs. The trial court did not err by holding that plaintiff did not comply with an order to pay costs to the insurance company within the 30-day time period set forth in N.C.G.S. § 1A-1, Rule 41(d).

**2. Appeal and Error— appealability—improper stipulation as a matter of law**

Although plaintiff contends the trial court erred by denying defendant's motion to dismiss under the doctrines of equitable estoppel and estoppel by benefit, these assignments of error are without merit because any stipulation by the parties to extend the time period set forth in N.C.G.S. § 1A-1, Rule 41(d) was invalid as a matter of law.

**3. Appeal and Error— appealability—error of law in judgment—denial of motion for relief—abuse of discretion standard**

The trial court did not abuse its discretion by denying plaintiff's motion for relief under N.C.G.S. § 1A-1, Rules 60(b) and 54(b). The trial court's order did not reflect a ruling regarding Rule 54(b) and our courts have long held that Rule 60(b) provides no relief from errors of law which can only be rectified by an appellate court. On proceedings properly taken in the action in which the judgment was rendered, absent a void judgment, parties are bound by the rulings of the court until the judgment has been properly corrected.

Appeal by plaintiff from order entered 26 June 2008 by Judge Albert Diaz in Superior Court, Mecklenburg County. Heard in the Court of Appeals 7 April 2009.

*Richard L. Robertson & Associates, P.A., by Richard L. Robertson, for defendants-appellees.*

*Everage Law Firm PLLC, by Charles Ali Everage, for plaintiff-appellant.*

WYNN, Judge.

Rule 6(b)[1] "was not intended to have the effect of giving the court the discretion to amend a final order entered under the mandatory directive of statute."[2] Here, Plaintiff argues that the parties' stipulation, pursuant to Rule 6(b), extended the time for Plaintiff's payment of Rule 41(d) costs associated with a prior voluntary dismissal under Rule 41(a).[3] Because Rule 6(b) may not be read in conjunction with

1. N.C. Gen. Stat. § 1A-1, Rule 6(b) (2007).

2. *Cheshire v. Aircraft Corp.*, 17 N.C. App. 74, 80, 193 S.E.2d 362, 365 (1972).

3. N.C. Gen. Stat. § 1A-1, Rule 41(a) and (d) (2007).

Rule 41(d) to allow parties to stipulate to an extension of the time period to pay costs, we affirm the dismissal of Plaintiff's action.

On 6 June 2006, Plaintiff Angela Monique Welch filed suit against Defendants Corrie Lumpkin, Interstate Company Police, Inc. ("ICP"), Ronnie L. DeLapp, and RCD Productions, LLC, alleging assault and battery, false imprisonment, intentional infliction of emotional distress, abuse of process, malicious prosecution, negligence, and violations under 42 U.S.C. § § 1981 and 1983. On 27 November 2006, Welch voluntarily dismissed her action without prejudice under Rule 41(a). She refiled the action on 20 November 2007, asserting all of the claims from the previous action except the 42 U.S.C. § 1983 claim.

On 14 January 2008, Northfield Insurance Company ("Northfield")[4] filed two motions seeking to intervene as carrier for ICP and Lumpkin, and payment of costs incurred as a result of the original action pursuant to § 1A-1, Rule 41(d). On 23 January 2008, the trial court granted both motions and ordered Welch to pay within 30 days Northfield's costs in the amount of $2,005.56 "with interest accruing at the legal rate until paid in full." On 25 February 2008, Welch tendered payment to Northfield in the amount of $2,005.56.

On 16 April and 30 April 2008, Defendants filed motions to dismiss. Thereafter, Welch filed a motion for relief pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 60(b) (2007). The trial court entered an order on 26 June 2008, denying Welch's motion for relief and granting Defendants' motions to dismiss.

Welch appeals, arguing that the trial court erred by: (I) finding she failed to comply with the order to pay costs pursuant to Rule 41(d); (II) concluding that the doctrines of equitable estoppel and estoppel by benefit did not apply; and (III) denying her motion for relief pursuant to Rule 60(b). We find no error.

I.

[1] Welch first argues that the trial court erred by holding that she did not comply with the 23 January 2008 order to pay costs to Northfield. Welch contends that it was reversible error not to consider valid the parties' stipulation, pursuant to N.C. R. Civ. P. 6(b), to extend the time period for Plaintiff's payment of costs set forth in

---

4. Defendant Northfield is the only remaining defendant in the present action. Welch reached a settlement agreement with defendant's DeLapp and RCD Productions, Inc., prior to filing the record on appeal.

N.C. R. Civ. P. 41(d). § 1A-1, Rule 6(b). Further, Welch argues that the 30-day deadline imposed by the order only applied to the amount of costs due ($2,005.56) and not to amounts of interest accrued. Thus, Welch argues that her $2,005.56 payment to Northfield on 25 February 2008 indicates compliance with the order.

Under Rule 41(a), a plaintiff may voluntarily dismiss an action by filing notice with the court any time prior to resting his case, and "a new action based on the same claim may be commenced within one year after such dismissal[,]" if the original action commenced within the time prescribed. § 1A-1, Rule 41(a). Additionally, plaintiff "shall be taxed with the costs of the [voluntarily dismissed] action unless the action was brought in forma pauperis." § 1A-1, Rule 41(d). Where a plaintiff brings a new action before paying costs, the court shall, on motion by the defendant, "make an order for the payment of such costs by the plaintiff within 30 days and shall stay the proceedings in the action until the plaintiff has complied with the order." *Id.* "If the plaintiff does not comply with the order, the court *shall dismiss* the action." *Id.* (emphasis added). However, Rule 6(b) of the N.C. Rules of Civil Procedure provides:

> [P]arties may enter into binding stipulations without approval of the court enlarging the time, not to exceed in the aggregate 30 days, within which an act is required or allowed to be done under these rules, provided, however, that neither the court nor the parties may extend the time for taking any action under Rules 50(b), 52, 59(b), (d), (e), 60(b), except to the extent and under the conditions stated in them.

§ 1A-1, Rule 6(b).

In its 26 June 2008 order, granting Defendants' motions to dismiss, the trial court found that Welch's counsel "spoke with counsel for Northfield, who told Plaintiff's counsel that he would not move to dismiss the action if the costs were paid by 25 February 2008." However, the trial court ultimately rejected Welch's claim that the parties could stipulate to extend the deadline past 23 February, concluding that "it is not at all clear that Rule 6(b) may be used to extend by stipulation the time for complying with orders to pay costs entered pursuant to Rule 41(d)." On review, we uphold the trial court's determination that Rule 6(b) may not be read in conjunction with Rule 41(d) to allow parties to stipulate to an extension of the 30-day time period to pay costs.

WELCH v. LUMPKIN

[199 N.C. App. 593 (2009)]

This Court has previously held that Rule 41(d) constitutes a "mandatory directive" and should not be read in conjunction with Rule 6(b) to allow the extension of time by a court order. *Cheshire,* 17. N.C. App. at 80, 193 S.E.2d at 365 ; *see also Sanford v. Starlite Disco, Inc.,* 66 N.C. App. 470, 471, 311 S.E.2d 67, 68 (1984); *cf. Lemons v. Old Hickory Council,* 322 N.C. 271, 276, 367 S.E.2d 655, 658 (1988) (holding that Rule 6(b) gives courts the discretion to extend the time provided under Rule 4(c) for serving a dormant summons). In *Sanford,* this Court rejected the plaintiff's contention that the 30-day provision in Rule 41(d) should be read in conjunction with Rule 6(b), and upheld the dismissal of the action for failure to pay costs within 30 days. *Sanford,* 66 N.C. App. at 471-72, 311 S.E.2d at 68 (concluding "[t]he language of the rule [Rule 41(d)] directing that the court '*shall* dismiss the action' (emphasis added) if the costs assessed have not been paid remains the same, thus the rule as amended [to include a 30-day grace period] still constitutes a mandatory directive"). In *Cheshire,* this Court concluded that Rule 6(b) "was not intended to have the effect of giving the court the discretion to amend a final order entered under the mandatory directive of statute." *Cheshire,* 17 N.C. App. at 80, 193 S.E.2d at 365-66 (noting that Rule 6(b) prohibits court and parties from extending the time "within which a motion can be made for action which would affect a judgment entered or findings of fact in a judgment entered").

It follows that if Rule 6(b) fails to give the court discretion to amend an order to pay costs, 6(b) also fails to give the parties discretion to amend an order to pay costs, as the parties purported to do here. Not giving the court or the parties the discretion to amend an order to pay costs following a voluntary dismissal is in keeping with the object of Rule 41(d), which "is clearly to provide superior and district courts with authority for the efficient collection of costs in cases in which voluntary dismissals are taken." *Ward v. Taylor,* 68 N.C. App. 74, 79, 314 S.E.2d 814, 819, *disc. review denied,* 311 N.C. 769, 321 S.E.2d 157 (1984).

Indeed, the object of efficiency in Rule 41(d) would be undermined if the parties were allowed to stipulate to an extension of time beyond the 30-day grace period set forth in Rule 41(d), as the extension would result in a delay of the collection of costs and delay of the re-filed proceedings. If the parties were able to stipulate to an extension of the 30-day period in which plaintiff must pay costs of the original action, not only would the collection of costs necessarily be delayed, the action would also be delayed *beyond*

the one year period for re-filing plus 30 days from the order of payment under the "mandatory directive" set forth in Rule 41(d). *See* N.C. Gen. Stat. § 1A-1, Rule 41(d).

Accordingly, we find no error in the determination of the trial court that Welch failed to comply with the order to pay costs within the 30-day time period set forth in Rule 41(d).

## II.

**[2]** Next, Welch argues that the trial court erred by denying Defendant's motion to dismiss under the doctrines of equitable estoppel and estoppel by benefit. She argues that she relied to her detriment on counsel for Defendant Northfield's representation that he would accept her payment on 25 February without moving to enforce the order. She also contends that by accepting payment on 25 February, Northfield ratified the transaction. Having found that any stipulation by the parties to extend the time period set out under Rule 41(d) is invalid as a matter of law, we hold these assignments of error to be without merit.

## III.

**[3]** Finally, Welch argues that the trial court abused its discretion in denying her motion for relief under Rules 60(b) and 54(b) of the N.C. Rules of Civil Procedure in its order entered 26 June 2008.[5] N.C. Gen. Stat. § 1A-1, Rules 60(b), 54(b) (2007).

On 7 May 2008, Welch filed a "Motion for Relief from Order" pursuant to Rule 60. However, at the hearing on the motion, Welch requested relief pursuant to Rule 54(b), noting "I think I improperly styled this as a Rule 60 motion" and asking "that this order be rescinded and that a proper order be issued." The trial court concluded that Welch was not entitled to relief pursuant to Rule 60, stating, "The law is clear, however, that 'erroneous judgments may be corrected only by appeal and Rule 60(b) motions cannot be used as a substitute for appeal.'" (internal citation omitted). The trial court's order did not reflect a ruling regarding Rule 54(b). Finding no abuse of discretion, we uphold the trial court's denial of relief.

---

5. Welch also argues that the trial court erred by denying her motion for reconsideration in its order entered 15 July 2008. However, because Welch failed to assign error to the trial court's 15 July 2008 order, the only issue properly before this Court is whether the trial court abused its discretion in its ruling on the motion for relief. N.C. R. App. P 10(c)(1) (2008).

The appropriate procedural posture for attacking a judgment or order depends largely on the defect asserted. *Daniels v. Montgomery Mut. Ins. Co.*, 320 N.C. 669, 677, 360 S.E.2d 772, 777 (1987). Our courts have long held that Rule 60(b) provides no relief for errors of law. *See Hagwood v. Odom*, 88 N.C. App. 513, 519, 364 S.E.2d 190, 193 (1988) (finding no error in the trial court's decision to deny the defendant's Rule 60(b) motion to set the judgment on an error of law). " 'Errors in law can only be rectified by an appellate court on proceedings properly taken in the action in which the judgment was rendered.' " *Daniels*, 320 N.C. at 677, 360 S.E.2d at 777 (quoting *Lumber Co. v. West*, 247 N.C. 699, 701, 102 S.E.2d 248, 249 (1958)). Further, " '[a]n erroneous or irregular judgment binds the parties thereto until corrected in a proper manner.' " *Id.* Accordingly, absent a void judgment, parties are bound by the rulings of the court until the judgment has been properly corrected. Thus, the inquiry on appeal is whether the trial court abused its discretion in declining to certify this issue for immediate appeal pursuant to Rule 54(b).

Welch contends that the trial court's 23 January 2008 order erroneously ordered her to pay costs *plus* interest pursuant to Rule 41(d). Importantly, Welch's argument on appeal is not that the 23 January 2008 order was void *ab initio*, but rather that the order contained an error of law. Because erroneous judgments remain binding until corrected, Welch was obligated to comply with the terms of the order until corrected. *Daniels*, 320 N.C. at 677, 360 S.E.2d at 777.

As discussed *supra*, Welch failed to remit the costs awarded by the 23 January order within the 30-day time period prescribed by the order. Further, she failed to raise an objection to the interest award until 7 May 2008, more than 10 days *after* the awarded amounts were to be paid to Defendants. Based on these deficiencies, we hold that it was within the trial court's discretion to deny her motion for relief.

Affirmed.

Judges JACKSON and HUNTER, JR. concur.