IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-429

Filed 15 April 2026

Pitt County, No. 23CV002180-730

NANCY ANDERSON BLACKMON, Plaintiff,

v.

KYLE FRANKLIN BLACKMON, Defendant.

Appeal by plaintiff and cross-appeal by defendant from order entered 2 August 2024 by Judge Mario E. Perez in Pitt County District Court. Heard in the Court of Appeals 10 March 2026.

*Law Office of W. Gregory Duke, by W. Gregory Duke, for plaintiff-appellant.*

*Jonathan McGirt for defendant-appellee/cross-appellant.*

DILLON, Chief Judge.

Plaintiff Nancy A. Blackmon ("Wife") appeals from the trial court's order granting the motion of Defendant Kyle F. Blackmon ("Husband") to dismiss Wife's refiled claim for alimony. Wife had previously asserted a counterclaim seeking alimony in a prior domestic action brought by Husband, but she voluntarily dismissed that counterclaim. The trial court, in this present action, based its dismissal of Wife's current alimony claim on Wife's failure to pay costs associated with her earlier voluntary dismissal of her alimony counterclaim as ordered by the court within the

time prescribed under Rule 41(d) of our Rules of Civil Procedure.[1]

## I.  Background

In a prior matter, Husband filed a domestic civil action against Wife.  In her responsive pleading, Wife answered Husband's complaint and asserted a counterclaim for alimony.

On 29 July 2022, Wife voluntarily dismissed her counterclaim for alimony.

On 24 July 2023, almost a year after taking her voluntary dismissal, Wife commenced this present action, seeking alimony and attorney's fees from Husband.

Over the next several months, the parties filed various motions, including Husband's motion pursuant to Rule 41(d) of our Rules of Civil Procedure to direct Wife to pay costs associated with her alimony counterclaim filed in the prior action.

On 11 April 2024, after a hearing on the matter, the trial court entered an order (the "April order") directing Wife to "make payment to Husband in the amount of . . . $3,830.22" (for costs incurred in relation to Wife's alimony counterclaim in the prior action), to be paid "within 30 days of the entry of this Order."

Thirty-three days later, on Tuesday 14 May 2024, Wife attempted to pay Husband $3,830.20, but Husband refused to accept payment because "the time period

---

[1] The trial court had previously denied a different motion to dismiss by Husband.  Husband conditionally raises as an issue the trial court's denial of that earlier motion.  However, based on our resolution on Wife's appeal—affirming the trial court's order dismissing Wife's alimony claim—we need not reach Husband's argument in the alternative.

ha[d] run out." That same day, Husband moved to dismiss based on Wife's failure to pay the costs within the time provided for in the trial court's April order.

On 2 August 2024, after a hearing on the matter, the trial court granted Husband's motion to dismiss Wife's claim for alimony and attorney's fees with prejudice based on Wife's failure to pay the costs as ordered in its April order within the time provided for in that order. Wife appeals.

## II.    Analysis

Wife voluntarily dismissed her counterclaim for alimony in a prior action. Indeed, Rule 41(a) of our Rules of Civil Procedure allows a party to voluntarily dismiss a claim. N.C.G.S. § 1A-1, Rule 41(a). Rule 41(d) provides, however, that "[a party] who dismisses a[ ] . . . claim under section (a) of this rule shall be taxed with the costs of the [dismissed claim.]" *Id.* § 1A-1, Rule 41(d). And if the plaintiff recommences "the same claim against the same defendant before the payment of the costs of the action previously dismissed[ ] . . . the court, upon motion of the defendant, shall make an order for the payment of such costs [to be paid] by the plaintiff within 30 days[.]" *Id.* And "if the plaintiff does not comply with the order [to pay costs as directed by the trial court], the court *shall* dismiss the action." *Id.* (emphasis added).

Our Court has held that this last sentence of Rule 41(d), providing for dismissal where a plaintiff fails to pay the costs of the prior dismissed action as ordered, "constitutes a mandatory directive" for the trial court to dismiss the new action. *Sanford v. Starlite Disco, Inc.*, 66 N.C. App. 470, 472 (1984).

In this matter, the trial court entered the April order on 11 April 2024, directing Wife to pay Husband the costs within 30 days. However, she made no attempt to make the payment until 33 days later, on Tuesday 14 May 2024.

Wife, however, argues the trial court erred by dismissing her complaint, contending the time for her to pay Husband's costs, as ordered in the April order, did not expire until the end of that day, Tuesday 14 May 2024. Specifically, she points to part of the record showing that the April order was *served* on her *by U.S. mail* and argues that, therefore, her time to pay the costs was extended by three days under Rule 6(e), which provides:

> Whenever a party has the right to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.

N.C.G.S. § 1A-1, Rule 6(e).

In dismissing her complaint, the trial court reasoned that Wife only had—at the latest—until Monday 13 May 2024 based on Rule 6(a) (thirty days after the April order was entered was 11 May 2024, which fell on a Saturday). Rule 6(a) provides that when an order requires an act to be completed by a day which falls "when the courthouse is closed for transactions" it is extended until the next day "which is not a Saturday, Sunday, or a legal holiday when the courthouse is closed for transactions." *Id.* § 1A-1, Rule 6(a).

The issue before us, however, does not concern Rule 6(a), as Wife did not attempt to make payment on Monday 13 May 2024. Rather, the issue before us is whether Rule 6(e) —allowing three additional days when a notice is served by mail— applies. The trial court concluded Rule 6(e) did not apply. We review this issue of statutory interpretation *de novo*. *Savage v. N.C. DOT*, 388 N.C. 196, 200 (2025).

It is undisputed that Wife attempted to pay Husband on 14 May 2024, 33 days after the trial court entered its April order. If Rule 6(e) applies, Wife had 33 days to pay Husband, making her 14 May 2024 attempt timely. If Rule 6(e) does not apply, the trial court properly dismissed Wife's claim for alimony, as her payment was due no later than Monday 13 May 2024 (assuming Rule 6(a) applies).

The plain language of Rule 6(e) adds three days to the normal time by which a party must act when the triggering event starting the clock is "the service of a notice or other paper[.]" N.C.G.S. § 1A-1, Rule 6(e). Our Supreme Court has interpreted Rule 6(e) as "alleviat[ing] the disparity between constructive and actual notice *when the mailing of notice* begins a designated period of time for the performance of some right." *Precision Fabrics v. Transformer Sales*, 344 N.C. 713, 721 (1996) (emphasis added) (citations and internal marks omitted). For instance, Rule 6(e) entitled the defendants in *Broughton v. McClatchy Newspapers* to three additional days to serve the plaintiff with their responsive pleading due to the interplay between Rule 6(e) and Rule 12(a)(1)(b). 161 N.C. App. 20, 23–24 (2003). After receiving the plaintiff's complaint, the defendants filed a motion for a more definite statement, which the

trial court granted.  *Id.* at 23.  Plaintiff then served an amended complaint.  *Id.* at 23–24.  By rule, the defendants initially had 20 days to respond, "after service of the more definite statement[,]" (i.e., the amended complaint) but Rule 6(e) extended the 20-day period by three days because the plaintiff served the amended complaint by mail.  *Id.* (citations omitted); *see also* N.C.G.S. § 1A-1, Rule 5(b).

On the other hand, in *Williams v. Moore*, this Court held Rule 6(e) did not extend the time a defendant has to answer the plaintiff's summons and complaint when those items are served by mail.  95 N.C. App. 601, 604 (1989).  There, the plaintiff moved for and the assistant clerk of court entered a default and default judgment against the defendant 31 days after the defendant received the plaintiff's summons and complaint.  *Id.* at 603.  On appeal, the defendant contended he was entitled to three additional days by virtue of the fact the plaintiff served process via mail.  *Id.* at 603–04.  In holding the "defendant's time to answer had expired" before entry of the default, this Court reasoned the 30-day response period began when the defendant received the summons and complaint in the mail, "not when [the] plaintiff mail[ed] [the summons and complaint]."  *Id.* at 604 (citation omitted).  Thus, "[u]nder th[o]se circumstances, there [was] no need to apply Rule 6(e)[.]" *Id.*[2]

---

[2] At first glance *Broughton* and *Williams* may appear inconsistent, but different rules govern when service by mail is completed depending on the stage of litigation. *Compare* N.C.G.S. § 1A-1, Rule 4(j)(1)(c) (service of *process* by mail is complete after the mailing *and delivery* of the summons and complaint) *with* N.C.G.S. § 1A-1, Rule 5(b) (service of subsequent pleadings or other papers by mail is complete when the pleading or paper is properly mailed).

Here, while the April order was served by mail, it was not the service of that order which triggered the 30-day period for payment. Indeed, our Rules of Civil Procedure did not require the trial court to serve the April order in the first place. *See* N.C.G.S. § 1A-1, Rule 5(a) ("Every order *required by its terms to be served*[ ] . . . shall be served upon each of the parties[.]" (emphasis added)); *see also* G. Gray Wilson, 1 North Carolina Civil Procedure, § 5-2, at 5-5 (4th ed. 2020) ("The first category [described in Rule 5(a)] includes only those orders that state therein that they are to be served; ordinarily entry of an order is all that is necessary and marks the point from which the time for taking any responsive action is measured."). The April order by its terms did not require it to be served or that the payment be made within 30 days after *service* of the order.

We have held the provision in Rule 41(d) "constitutes a mandatory directive." *Sanford*, 66 N.C. App. at 471; *Cheshire v. Bensen Aircraft Corp.*, 17 N.C. App. 74, 79–80 (1972). We have further held that, as a mandatory directive, Rule 41(d) should not be read in conjunction with Rule 6(b), which allows the extension of time by a court order. *Welsh v. Lumpkin*, 199 N.C. App. 593, 597 (2009). In an unpublished opinion, we held that a refiled complaint must be dismissed when the plaintiff mails the costs on the 29th day, but is not received until the 31st day. *Fowler v. Riddle*, No. COA 14-945, 2015 WL 1800480 (N.C. Ct. App. 2015) (unpublished).

Wife's payment was due no later than Monday 13 May 2024.[3]  Since Wife did not attempt payment until the following day, Tuesday 14 May 2024, we conclude the trial court did not err by dismissing Wife's complaint.  We therefore affirm the trial court's order.

AFFIRMED.

Judges ZACHARY and COLLINS concur.

---

[3] It could be argued that Wife's payment was due to Husband by Saturday 11 May 2024, that Rule 6(a) does not apply and that Rule 6(a)—which extends a deadline to the next day the courthouse is open for business—should only apply where the trial court has directed that payment be made *to the Clerk's office* and not to the other party directly, as was done in the present case.  However, since Wife did not attempt payment until Tuesday 14 May 2024, we need not resolve whether, or what circumstances, a plaintiff is allowed extra time to make the ordered payment where the 30-day deadline falls on a day when the courthouse is closed.